Leslie ANDERSON *v.* O. H. HARGRAVES, Judge

CR 80-266                                        613 S.W. 2d 587

Supreme Court of Arkansas
Opinion delivered March 30, 1981

*Harry L. Ponder* and *H. David Blair*, for petitioner.

*Steve Clark*, Atty. Gen., by: *Jack W. Dickerson*, Asst. Atty. Gen., for respondent.

ROBERT H. DUDLEY, Justice. Petitioner Leslie Anderson, on December 22, 1978, was charged by information in the circuit court of Sharp County with the crime of public servant bribery. On July 16, 1980, he moved to have the charges dismissed for failure to timely prosecute. He concedes that if the statutory terms for Sharp County, Ark. Stat. Ann. § 22-310 (Supp. 1979), are the exclusive gauge, he is not entitled to a dismissal. He argues, however, that Rule 28.1 (b), before our rule change effective July 1, 1980, guaranteed a speedy trial by the counting of court terms, the lengths of which vary, and as a result the right to a speedy trial was of different dimensions, depending upon where a defendant was charged. He contends that his right to dismissal must be measured by the shortest period recognized by any county, or district, within the state and that he is entitled to dismissal by the shortest period. That to do otherwise denies him equal protection of law, as the treatment of persons may not differ because of some geographical factor.

We do not rule upon the argument of unequal protection, as the petitioner would not have been entitled to dismissal of the charges in any county or district in the state.

Ark. Stat. Ann. § 22-310 (Supp. 1979) provides that the terms of court in Sharp County convene on the first Monday in January and the second Monday in July. An information

was filed against petitioner on December 22, 1978. The term during which the defendant was charged is not counted. Ark. R. Crim. P. 28.2; *Wade* v. *State*, 264 Ark. 320, 571 S.W. 2d 231 (1978). Therefore, the July, 1978, term is not counted.

The case was continued on motion of the petitioner during the January and July terms of 1979. These terms are excluded by Rule 28.3 (c) which provides that the period of delay resulting from a continuance granted at the request of the defendant or his counsel shall be excluded. *Dupree* v. *State*, 271 Ark. 50, 607 S.W. 2d 356 (1980).

The docket sheet reflects that the petitioner next moved to continue the case on May 5, 1980. This was during the six-month term which commenced on the first Monday in January, 1980. This term should be excluded on the basis of the docket entry.

On July 16, 1980, during the first term that seemingly should be counted, the petitioner made two motions. The first was to correct the docket entry to reflect that the respondent, not the petitioner, moved for the continuance during the January, 1980 term. And the second was to dismiss for failure to timely prosecute within the period of time which ought to be gauged by the shortest period recognized by any county or district. These motions were heard on July 28, 1980, by the assigned judge, not the regular judge.

The assigned judge granted the motion to correct the docket entry. Petitioner then contended that the correction related back to May 5, 1980, and that this creates a longer period of time without trial than was allowed in the Second Judicial Circuit in *Alexander* v. *State*, 268 Ark. 384, 598 S.W. 2d 395 (1980). The trial judge refused to dismiss and the writ is denied.

There is no showing that, prior to the motion, the petitioner brought the docket error to the attention of either the assigned judge or the prosecuting attorney. They had no way of knowing that the time for speedy trial might be running. The assigned judge relied on the regular judge's

docket book. This was proper. As we said in *Dupree* v. *State*, supra:

> It was proper for the judge to act upon the basis of the docket entry. The court's docket is an appropriate record of continuances granted. See Ark. Stat. Ann. § 22-117 (Repl. 1962). A court's records have a large degree of sanctity attached to them and are not to be lightly overturned. *Williams* v. *Alexander*, 140 Ark. 442, 215 S.W. 721.

The first notice the assigned judge had that an error might exist was the motion to correct the record. However, it was not filed until the same day the motion to dismiss was filed. By then, a sufficient amount of time had run for petitioner to make his equal protection argument.

In addition, we are not favored with an abstract of any of the testimony from the hearing correcting the docket entry, nor with the findings of fact by the assigned judge. From the docket sheet we only know that the prosecuting attorney, the deputy prosecuting attorney and one of the defense attorneys testified. The continuance for the State may well have been on grounds which cause exclusion of the material term.

Under these circumstances, petitioner would not be entitled to have the charges against him dismissed in any county or district in the State. Where one discovers a docket error which affects his speedy trial rights, he must either notify the court of the error, or affirmatively request trial, in order to activate the statute and avail himself of its protection. Where that docket error is later corrected, we must be supplied the reason, in order to rule on whether the time should be included or excluded.

The petitioner styled this action as an appeal, but we have treated it as a petition for a writ of prohibition and deny same.