Stephanie BRADLEY *v.* Mildred FRENCH

88-305                                                   776 S.W.2d 355

Supreme Court of Arkansas
Opinion delivered September 25, 1989

*Michael Davis*, for appellant.

*Phil Stratton*; *Casey Jones, Ltd.*; and *Laser, Sharp, Mayes, Wilson, Bufford & Watts*, *P.A.*, for appellee.

ROBERT H. DUDLEY, Justice. We dismiss this appeal for lack of jurisdiction. Appellant filed suit against the appellee, Mildred French, and her son, Thomas Q. French II. On September 16, 1988, the trial court, by summary judgment, dismissed appellee from the suit. Appellant's case is still pending against the co-defendant, Thomas Q. French II. Although appellant could have asked for certification under A.R.C.P. Rule 54(b) in order to have a final and appealable order she did not do so. She simply gave notice of appeal on September 20, 1988, and then filed her record and brief. On February 13, 1989, we dismissed her appeal because we lacked jurisdiction to hear the intermediate order. *Bradley* v. *French*, 297 Ark. 567, 764 S.W.2d 605 (1989).

After remand, the trial court granted a second sum-

mary judgment which differed from the first one only in that the trial court found there was no just reason for delay and finally dismissed appellee from the suit. This second summary judgment, entered on February 17, was obviously entered for the purpose of allowing an appeal under the provisions of ARCP Rule 54(b). However, the appellant has failed to give a notice of appeal from this second summary judgment. Without the timely filing of a notice of appeal, this Court is without jurisdiction to hear the appeal. *LaRue* v. *LaRue*, 268 Ark. 86, 593 S.W.2d 185 (1980). Accordingly, we dismiss the appeal.

We further point out that the notation on the second judgment which purports to make it *nunc pro tunc* to the original judgment does not help the appellant. As we explained in *Standridge* v. *Standridge*, 298 Ark. 494, 769 S.W.2d 12 (1989):

> Courts are permitted to enter orders *nunc pro tunc* when the record is merely being made to reflect that which occurred but was not recorded due to the misprison of the clerk. A court may not, however, change the record to do that which should have been done but was not.

Here, the first appeal was dismissed because it was an intermediate order and was without a certification under ARCP Rule 54(b). The second judgment was entered for the purpose of having a certification under ARCP Rule 54(b), and not because of a misprison of the clerk in failing to record that determination.

Finally, even if the second order had been validly made *nunc pro tunc* to the first one, we would still be without jurisdiction because the only notice of appeal was given on September 20, 1988, and the record in the instant appeal was not lodged until April 21, 1989. The record on appeal must be filed with the clerk within ninety (90) days from the filing of the first notice of appeal, unless the time is extended by order of the trial court. Here, there was no order of extension.

Appeal dismissed.

GLAZE, J. not participating.