STATE of Arkansas *v.* Ranger Thomas THORNTON

CR 91-58                                        815 S.W.2d 386

Supreme Court of Arkansas
Opinion delivered September 16, 1991

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

*Gibson & Deen*, by: *Thomas D. Deen*, for appellee.

ROBERT H. DUDLEY, Justice. On May 2, 1990, the appellee, Ranger Thomas Thornton, was involved in a car wreck which killed one person. That same day, he was charged by police citation in municipal court with the misdemeanors of speeding, reckless driving, drinking on the highway, running a red light, destruction of public and private property, and the class C felony of manslaughter. On May 16, 1990, he pleaded guilty to speeding, reckless driving, and drinking on the highway and pleaded not guilty to running a red light and destruction of public and private property. He was found guilty of those two additional misdemeanors. The State dismissed the felony manslaughter count filed in municipal court.

On November 20, 1990, about six (6) months after the municipal court proceedings, the State, by information filed in

circuit court, charged the accused with the felony manslaughter. The information is cryptic; the charging part alleges only that the accused "on May 2, 1990, in Chicot County did unlawfully, recklessly cause the death of another person, to wit: Cheryl Kniss." A bill of particulars was not provided. On December 10, 1990, twenty (20) days after the manslaughter charge was filed, the appellee, Thornton, moved to dismiss the charge under the Double Jeopardy Clause of the Fifth Amendment. Two days later, on December 12, 1990, the trial court, without having a response from the State and without holding an evidentiary hearing, dismissed the charge. The State appeals pursuant to A.R.Cr.P. Rule 36.10. We reverse and remand.

## I.

The accused seeks to bar the State from appealing on two (2) procedural grounds. First, he argues that the State did not object to the entry of the dismissal order, and, accordingly, we should not consider the dismissal. The requirement for a contemporaneous objection has long been our general rule, and remains so, but we also have long recognized that an exception to the rule exists when a litigant did not have the opportunity to object. *Harrell* v. *City of Conway*, 296 Ark. 247, 753 S.W.2d 542 (1988); *Goodwin* v. *State*, 263 Ark. 856, 568 S.W.2d 3 (1978). Here, the State did not have the opportunity to object and, as a result, the contemporaneous objection rule does not bar appeal of the dismissal.

Secondly, the accused contends that the State is asking for the reversal of a factual determination and cites us to our case law which provides that we will not accept an appeal from the State after a final dismissal for the purpose of determination of a question of fact. *See State* v. *Dixon,* 209 Ark. 155, 189 S.W.2d 787, (1945); *State* v. *Harvest,* 26 Ark. App. 241, 762 S.W.2d 806 (1989). We have not changed our position; we still will not accept a State appeal of a final order solely to determine a question of fact. However, that rule is not applicable to this appeal. As can be seen from the remainder of this opinion, this appeal involves the uniform and correct administration of the criminal law, and we have traditionally accepted such appeals. See A.R.Cr.P. Rule 36.10 and citations thereunder.

## II.

The case of *Grady* v. *Corbin*, ___ U.S. ___, 110 S. Ct. 2084 (1990) governs the case before us. There, Thomas Corbin was involved in a car wreck which killed one person. After the wreck he was given uniform traffic tickets for driving while intoxicated and for failure to keep right of the median. Both tickets directed him to appear at a Town Justice Court. He appeared as directed and pleaded guilty. The presiding judge was informed neither of the fatality nor of a pending homicide investigation. The judge subsequently assessed the penalty. About two (2) months later, the grand jury indicted Corbin, charging him in county court with, among other things, negligent homicide, criminally negligent homicide, and reckless assault. The prosecution filed a bill of particulars stating that in order to prove the homicide and assault charges it would prove that the defendant (1) was operating his vehicle in an intoxicated condition, (2) failed to keep to the right of the median, and (3) was driving 45 to 50 miles per hour, which was too fast for the prevailing conditions. Corbin moved to dismiss because of double jeopardy. Ultimately, the case reached the Supreme Court of the United States which held the homicide and assault charges were barred by the Double Jeopardy Clause.

The Court formulated a two (2) part inquiry to determine whether double jeopardy bars a prosecution. First, the *Blockburger* test should be applied. If it reveals that the offenses have identical statutory elements or that one offense is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred. *Id.* at 2090. If the subsequent prosecution is not barred under the first inquiry, it should be subjected to the second inquiry, the "proof of the same conduct" analysis. The holding of the case concisely sets out this second inquiry as follows: "We hold that the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Id.* at 2087.

## III.

The key to the second inquiry is determining on what conduct the State will rely to prove the subsequent prosecution. In

*Grady* the State had filed a bill of particulars which set out its anticipated proof. Because of that bill of particulars, the Court wrote:

> By its own pleadings, the State has admitted that it will prove the entirety of the conduct for which Corbin was convicted—driving while intoxicated and failing to keep right of the median—to establish essential elements of the homicide and assault offenses. Therefore, the Double Jeopardy Clause bars this successive prosecution, and the New York Court of Appeals properly granted respondent's petition for a writ of prohibition. This holding would not bar a subsequent prosecution on the homicide and assault charges if the bill of particulars revealed that the State would not rely on proving the conduct for which Corbin had already been convicted (i.e., if the State relied solely on Corbin's driving too fast in heavy rain to establish recklessness or negligence).

*Id.* at 2094. In the case before us there is no bill of particulars; instead, there is only the cryptic information which does not fully disclose the conduct on which the State will rely. The issue becomes: which party has the burden of proving the prior conduct the State will use?

In *Grady,* the majority answered the burden of proof issue for federal courts in footnote fourteen (14) of the opinion. There the Court provided a procedural mechanism for implementation of the test by relying on the procedure followed in previous double jeopardy cases and quoting a passage summarizing that procedure as follows: " '[W]hen a defendant puts double jeopardy in issue with a non-frivolous showing that an indictment charges him with an offense for which he was formerly placed in jeopardy, the burden shifts to the government to establish that there were in fact two separate offenses.' " *Id.* at 2094, n.14 (quoting *United States* v. *Ragins,* 840 F.2d 1184, 1192 (4th Cir. 1988)). The court in *Ragins* stated that this was the approach taken by all of the federal circuits. See also Note, *The Burden of Proof in Double Jeopardy Claims,* 82 Mich. L. Rev. 365 (1983).

The State argues in its brief that the burden should be on the defendant to demonstrate that the State will rely on conduct for which the defendant has already been convicted in proving the

pending charge. The State cites one case so holding. See *Commonwealth* v. *LaBelle,* 397 Pa. Super. 179, 579 A.2d 1315 (1990). Other states have followed the Supreme Court's direction and placed the burden on the state. See *Scalf* v. *State,* 573 So. 2d 202 (Fla. Dist. Ct. App. 1991).

It seems to us that the better procedure is to place the burden on the State since the State is in a better position, than is the defendant, to know what it is trying to prove and how it plans to do so. Accordingly, we adopt the standard recommended by the Supreme Court on the burden of proof.

The Supreme Court did not state that there must be a hearing on a pretrial double jeopardy issue. However, the very existence of the burden shifting procedure mandates that some response is necessary to a defendant's motion to dismiss based on double jeopardy. No opportunity was given for such a response in this case. The trial court apparently assumed that the State would not be able to prove the elements of the crime of manslaughter without relying on the accused's conduct for which he had previously been convicted—speeding, reckless driving, drinking on the highway, and running a red light. As a practical matter the trial court's action ultimately may well prove to be the correct result, but the State should have been given an opportunity to demonstrate otherwise before the case was dismissed.

IV.

The error in prematurely dismissing the charge occurred before jeopardy attached. There never has been a determination that the State failed to prove the elements of the crime. Thus, the case may be remanded rather than dismissed. *See Tibbs* v. *Florida,* 457 U.S. 31 (1982).

Reversed and remanded for proceedings consistent with this opinion.