Shaine KASPAR *v.* STATE of Arkansas

CA CR 92-673 852 S.W.2d 141

Court of Appeals of Arkansas
Division II
Opinion delivered March 24, 1993

*Richard W. Atkinson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was convicted of second degree assault. On appeal, the appellant argues that his assault conviction is barred by the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution and Article 2, Section 8 of the Arkansas Constitution.

On May 5, 1991, the appellant was involved in an accident on Highway 64 in Conway, Arkansas, in which his car struck a police officer. The record reveals that traffic was stopped and police officers were on the highway directing and congested traffic. The officers were wearing yellow reflective raincoats, carrying flashlights, and the lights on their police vehicles were flashing. The appellant pulled out of the line of traffic and, while attempting to pass another vehicle, struck and injured a police officer.

The appellant was charged with driving while intoxicated and pled guilty to that charge in municipal court. He was subsequently charged in circuit court with aggravated assault. The appellant filed a pretrial motion to dismiss based on double jeopardy grounds which, after a hearing, the trial court denied. A jury trial was held and the appellant was convicted of second degree assault.

■ The appellant relies on *Grady* v. *Corbin*, 495 U.S. 508 (1990), in arguing that the subsequent prosecution for aggravated assault was barred by the double jeopardy clause. The Arkansas Supreme Court in *State* v. *Thornton*, 306 Ark. 402, 815 S.W.2d 386 (1991), discussed the holding in *Grady* and stated:

> The Court formulated a two (2) part inquiry to determine whether double jeopardy bars a prosecution. First, the *Blockburger* test should be applied. If it reveals that the offenses have identical statutory elements or that one offense is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred. If the subsequent prosecution is not barred under the first inquiry, it should be subjected to the second inquiry, the 'proof of the same conduct' analysis. The holding of the case concisely sets out this second inquiry as follows: 'We hold that the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted.'

306 Ark. at 405 (citations omitted).

■ In *Grady*, the State filed a bill of particulars that identified the reckless or negligent acts on which it would rely to prove the homicide and assault charges in the subsequent prosecution: (1) operating a motor vehicle in an intoxicated condition, (2) failing to keep to the right of the median, and (3) driving 45 to 50 miles per hour, which was too fast for the prevailing conditions. In finding that the subsequent prosecution was barred, the Court stated:

> By its own pleadings, the State has admitted that it will prove the entirety of the conduct for which Corbin was convicted — driving while intoxicated and failing to keep right of the median — to establish the essential elements of the homicide and assault offenses. . . . This holding would not bar a subsequent prosecution on the homicide or assault charges if the bill of particulars revealed that the State would not rely on proving the conduct for which Corbin had already been convicted (i.e. if the State relied solely on Corbin's driving too fast in heavy rain to establish

recklessness or negligence).

495 U.S. at 523. The Court in *Thornton* stated that the key to the second inquiry of the *Grady* analysis is determining on what conduct the State will rely to prove the subsequent prosecution, and held that the burden is on the State to demonstrate that it will rely on conduct other than that for which the defendant has already been prosecuted.

A hearing was held on January 22, 1992, regarding the appellant's motion to dismiss. The municipal court judge testified that due to the circumstances surrounding the accident he may have given the appellant a harsher than normal punishment for a first time offense.[1]

For reversal, the appellant asserts that (1) the municipal court judge who accepted his plea of guilty to the offense of DWI took into account the circumstances of the accident in giving the appellant a harsher than usual sentence for DWI, and (2) that the State did not meet its burden under *Thornton*. For his first argument, the appellant thus contends that *Grady* prohibits a subsequent prosecution, if in the previous prosecution the appellant was given a greater than normal sentence based on conduct the State intends to rely on to establish the offense charged in the subsequent prosecution.

■ The Supreme Court has observed that the double jeopardy clause embodies three protections: (1) protection against a second prosecution after acquittal; (2) protection against a second prosecution after conviction; and (3) protection against multiple punishments for the same offense. *Grady* 495 U.S. at 516 (citation omitted). In *Grady*, the Supreme Court reviewed the standard for determining whether successive prosecutions violate the double jeopardy clause. The Court concluded that the comparison of statutory elements of the charged offenses under the *Blockburger* test was insufficient to protect defendants from the harassment and anxiety of multiple trials. *Id* at 520. The Court was concerned that multiple prosecutions would "give the

---

[1] We note that when a trial court sentences a defendant, it has the discretion to set punishment anywhere within the statutory range provided for the particular offense. *Noland* v. *State*, 265 Ark. 764, 580 S.W.2d 953 (1979).

State an opportunity to rehearse its presentation of proof, thus increasing the risk of an erroneous conviction for one or more of the offenses charged." *Id.* at 518. To address these concerns, the Court adopted the "proof of the same conduct" analysis in *Grady*.

We do not find support for the appellant's argument in the *Grady* holding nor does the appellant cite to us any authority that interprets the test pronounced in *Grady* to bar a subsequent prosecution under the circumstances in the case at bar.

 The offense of DWI is committed when a person who is intoxicated operates or is in actual physical control of a motor vehicle or when a person with a blood alcohol content of 0.10% or more operates or is in actual physical control of a motor vehicle. Ark. Code Ann. § 5-65-103 (1987). In the subsequent prosecution, the felony information filed by the State alleged that the appellant committed aggravated assault, under circumstances manifesting extreme indifference to the value of human life, by purposely engaging in conduct that created a substantial danger of death or serious physical injury to another person, as provided in Ark. Code Ann. § 5-13-204 (1987).

██ At the hearing, the State informed the court that in order to establish that the appellant committed aggravated assault, it intended to prove that the appellant, in a congested traffic area where policemen were directing traffic and blue lights were flashing, chose to pull out of the line of traffic and, in trying to pass another car, struck and injured a policeman. The court also had before it the statement of the police officer who would testify to the events which took place on the night of the accident. We find that the State demonstrated that it intended to rely on conduct of the appellant other than that of driving while intoxicated to establish assault.

At the trial, the State, in its closing argument, mentioned that the appellant had been drinking and suggested that the jury believe the testimony of the witnesses who had not. The prosecutor did not mention that the appellant had been charged and pled guilty to DWI. Also, the appellant himself had already admitted on the record that he had been drinking.

The facts in the case at bar are similar to those in *State* v. *Robideaux*, 493 N.W.2d 210 (N.D. 1992). Robideaux was

involved in an accident in which the car he was driving struck and killed someone. He was first charged in district court with manslaughter and five months later pled guilty to the charge of leaving the scene of an accident causing death. Relying on *Grady*, Robideaux argued that the subsequent prosecution was barred. The court noted that the prosecutor and another witness mentioned that Robideaux had left the scene of the accident. However, the prosecutor did not mention that he had pled guilty to this charge. Furthermore, Robideaux admitted to being convicted of leaving the scene of the accident and his counsel referred to this conduct in his opening statement. The court felt that Robideaux was thus in a poor position to complain about this evidence. The court held that it was unable to conclude that the prosecutor used evidence of Robideaux's conduct in leaving the scene of the accident to prove any of the elements of manslaughter.

■ We find that the prosecutor's reference to the fact that the appellant had been drinking was indirect and brief and from reviewing the record, we are unable to conclude that the State used the appellant's conduct of operating a motor vehicle in an intoxicated condition to prove the assault charge. Therefore, in applying the *Grady* analysis to the case at bar, we find that the State did not establish an essential element of the assault offense by proving conduct constituting an offense for which the appellant had already been prosecuted and therefore, the appellant was not placed in double jeopardy.

Affirmed.

JENNINGS, C.J., and PITTMAN, J., agree.