Kenneth Ray CLEMENTS *v.* STATE of Arkansas

CR 92-1042                                        851 S.W.2d 422

Supreme Court of Arkansas
Opinion delivered April 19, 1993

*Richard W. Atkinson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen. and *Sandy Moll*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant Kenneth Ray Clements was convicted of shooting and killing Conway Police Officer Ray Noblitt. The jury convicted him of capital murder and sentenced him to death by lethal injection. On October 8, 1990, this court reversed the conviction and remanded for a new trial because the prosecutor failed to timely provide him with the testimony of one of the state's witnesses. *See Clements* v. *State*, 303 Ark. 319, 796 S.W.2d 839 (1990). The case was retried on February 11, 1992 and Clements was convicted of second degree murder and sentenced to twenty years in prison. As his sole issue on appeal Clements argues that the trial court erred in denying his motion to dismiss for lack of a speedy trial. We find no merit in his argument and affirm.

Pursuant to Ark. R. Crim. P. 28.1, the state had twelve (12) months from the time provided in Rule 28.2 to bring the appellant's case to trial, excluding only such periods of necessary delay as are authorized in Rule 28.3. Appellant contends the time for trial commenced running on October 8, 1990, the day that the case was reversed and remanded. However, the time actually began to run anew on October 26, 1990, the date the mandate was issued by the Supreme Court Clerk. Ark. R. Crim. P. 28.2 states that if a defendant is to be retried following an appeal, the time for trial shall commence running from the date of the order granting a new trial or remand. The decision is not final until the mandate is issued because a Petition for Rehearing is cognizable within seventeen (17) days from the date of the decision pursuant to Ark. Sup. Ct. R. 20. In addition, the trial court does not have jurisdiction of the case until the mandate is issued. *See Morton* v. *State*, 208 Ark. 492, 187 S.W.2d 335 (1945).

Because appellant's trial on February 11, 1992 was 108

days outside the twelve month speedy trial period from the date the mandate was issued on October 26, 1990, he presented a prima facie case of violation of his right to a speedy trial. Once an appellant presents a prima facie case of violation of speedy trial, the burden shifts to the state to show that the delay is the result of the appellant's conduct or otherwise legally justified. *Scroggins* v. *State*, 312 Ark. 106, 848 S.W.2d 400 (1993); *Meine* v. *State*, 309 Ark. 124, 827 S.W.2d 151 (1992). In each of the following five time periods, the state met its burden of proving that any delay was chargeable to Clements or was otherwise justified.

## THE PERIOD FROM DECEMBER 31, 1990 TO MARCH 25, 1991

On December 31, 1990, Circuit Judge Francis T. Donovan recused from the case and requested the Arkansas Judicial Department to appoint a new trial judge. This was necessary because Judge Donovan was leaving office and the other two judges in Faulkner County with criminal jurisdiction, the Honorable David Reynolds and the Honorable Watson Villines, would be disqualified from the case. Judge Reynolds had acted as deputy prosecuting attorney during Clements' first trial and Judge Villines was defense counsel in Clements' first trial. On March 25, 1991, the Honorable Floyd Lofton was assigned to hear the case. This period is excludable under Ark. R. Crim. P. 28.3(h) as a period of delay "for good cause." The state could have done nothing further to expedite the trial during the time that Judge Donovan recused and Judge Lofton was appointed. This delay was necessary and reasonable under the circumstances.

Appellant erroneously relies upon Art. 7, sections 21 and 22 of the Arkansas Constitution and Arkansas Supreme Court Administrative Order No. 1 published in *In re: Changes to the Arkansas Rules of Civil Procedure, Abolishment of the Uniform Rules of Circuit and Chancery Courts, and Publication of Administrative Orders*, 294 Ark. 664, 742 S.W.2d 551 (1987) to argue that a special election to elect a judge should have been held. These provisions only apply when the circuit court judge's office is vacant at the commencement of the term of court or if the judge fails to attend or is disqualified. No special election was required in this case. The correct procedure of waiting until the

Arkansas Judicial Department appointed Judge Lofton was followed. Therefore, this period is excludable.

## THE PERIOD FROM JUNE 17, 1991 UNTIL SEPTEMBER 3, 1991

On April 23, 1991, Judge Lofton appointed Kenneth Suggs and Richard Atkinson to represent Clements and scheduled trial for June 24, 1991. At an omnibus hearing on June 17, 1991, Mr. Suggs asked to be relieved as counsel. His request was denied. Mr. Atkinson then requested a continuance due to an inability to be ready on the June 24th trial date. Judge Lofton found both Atkinson and Suggs negligent, held them in contempt of court, fined them $1,000.00 each, and removed them from the case. Judge Lofton immediately appointed Ray Hartenstein as defense counsel and asked him if he would be ready to go to trial on the previously set trial date to which he received a negative response. The court recessed to allow Mr. Hartenstein to go to his office to get his calendar. When the court reconvened, Judge Lofton announced that the motion for continuance was before the court. The court appointed Blake Hendrix to assist Mr. Hartenstein. Over the state's objection, Judge Lofton granted a continuance until September 23, 1991.

Appellant first argues that this period is not excludable because there is no written order or docket entry setting forth the excludable period. Under Ark. R. Crim. P. 28.3(i), the trial court should enter written orders or make docket notations specifying the reasons for the delays and the specific dates or number of days to be excluded. *Hubbard* v. *State*, 306 Ark. 153, 812 S.W.2d 107 (1991); *Cox* v. *State*, 299 Ark. 312, 772 S.W.2d 336 (1989). However, a trial court's failure to comply with Rule 28.3(i) does not result in automatic reversal. *McConaughy* v. *State*, 301 Ark. 446, 784 S.W.2d 768 (1990). We have held that when a case is delayed by the accused and that delaying act is memorialized by a record taken at the time it occurred, that record may be sufficient to satisfy the requirements of Rule 28.3(i). *See Key* v. *State*, 300 Ark. 66, 776 S.W.2d 820 (1989); *Kennedy* v. *State*, 297 Ark. 488, 763 S.W.2d 648 (1989).

Here, the docket sheet reflects "Jury Trial 9-3-91" and that attorneys Suggs and Adkisson were removed from the case.

Also, the continuance was adequately memorialized on record at the hearing on June 17, 1991. This was sufficient to satisfy the necessary requirements.

Clements also argues that he was not responsible for the continuance. He notes that the oral motion made by his attorney was denied by the court and the ensuing continuance was the result of the court's sua sponte initiative and not that of the defense attorneys.

■ Under Ark. R. Crim. P. 28.3(c), a period of delay is excluded only if the continuance was granted at the request of the defendant or his counsel. *Matthews* v. *State*, 268 Ark. 484, 598 S.W.2d 58 (1980); *Campbell* v. *State*, 264 Ark. 372, 571 S.W.2d 597 (1978). In the present case, the trial judge asked Clements if he desired to go to trial as scheduled and he replied, "I'm not happy with him." "I'm not ready to go to trial." Also, the prosecution objected to the continuance. Therefore, the delay in the trial was attributable to the actions of the appellant and not to the State. As such, this period is excludable as a delay for "good cause". *See Lewis* v. *State*, 307 Ark. 260, 819 S.W.2d 689 (1991).

## THE PERIOD FROM JUNE 17, 1991
## TO OCTOBER 7, 1991

Clements argues that the period from the June 17, 1991 pretrial hearing, in which his counsel of choice was removed from the case, and October 7, 1991, the date on which this court reversed Judge Lofton's removal of Richard Atkinson and placed him back on the case, is not excludable. (*See Clements* v. *State*, 306 Ark. 596, 817 S.W.2d 194 (1991) in which we held that the trial court's removal of Atkinson violated Clements' sixth and fourteenth amendment rights to counsel under the United States Constitution and his right to counsel under Art. 2, Section 10 of the Arkansas Constitution.) Appellant contends that he was without his counsel of his choice during this period due to Judge Lofton's erroneous ruling. He relies upon *Glover* v. *State*, 307 Ark. 1, 817 S.W.2d 409 (1991) where we held that a two month period was not excludable when defense counsel was allowed to withdraw without the knowledge of the defendant and the court waited two months to appoint new counsel.

■ Although Clements was without counsel of his choice during this time, it is excludable because it involved an interlocutory appeal filed July 8, 1991. Ark. R. Crim. P. 28.3(a) specifically excludes periods in which an interlocutory appeal is pending. Also, as we noted above, the appellant was responsible for the continuance which was granted at the June 17th hearing.

## THE PERIOD FROM SEPTEMBER 3, 1991
## TO JANUARY 14, 1992

At a hearing on September 3, 1991, Attorney Hartenstein asked that a previous oral order by Judge Lofton allowing the payment of Tommy Crosthwait, a private investigator, be honored. The court stated that Mr. Crosthwait would not be paid at that point. Mr. Hartenstein then moved for a continuance stating that it would be impossible for him to be ready for trial without the research of the investigator. The continuance was granted and the trial was set for January 14, 1992. Judge Lofton then recused from the case on September 4, 1991, and the Honorable Randall Williams was appointed on September 9, 1991. A *nunc pro tunc* order reflecting the continuance was later prepared by the prosecution, signed by Judge Lofton and filed on October 8, 1991. In a letter to all counsel dated November 20, 1991, Judge Williams acknowledged the continuance/setting order signed by Judge Lofton.

Appellant argues that the order is invalid because his counsel was not present nor apprised of the ex parte order until after November 20, 1991, the date on which he received Judge Williams' letter. Clements claims that his Sixth Amendment Right to Counsel was violated and that he was unable to make a contemporaneous objection to the order being entered.

■ Appellant concedes he was aware of the order at least as of November 20, 1991. However, he did not voice any disagreement until February 10, 1992, the day before trial. We have stated that if a defendant discovers a docket error which affects his speedy trial rights or takes exception to the wording of an order, it is incumbent on him to bring the matter to the attention of the trial court within a reasonable time. *See Lewis* v. *State, supra: Anderson* v. *Hargarves, Judge,* 272 Ark. 259, 613 S.W.2d 587 (1981). If appellant believed that Judge Lofton's

order charging the continuance to him was in error, he should have immediately brought this to the court's attention.

Clements also contends that the backdated *nunc pro tunc* order is invalid as a matter of law. A *nunc pro tunc* order may be entered to make the court's record speak the truth or to show that which actually occurred. *Murry* v. *State Farm Mutual Automobile Ins. Co.*, 291 Ark. 445, 725 S.W.2d 571 (1987). However, a court may not change the record to do that which should have been done but was not. *Bradley* v. *French*, 300 Ark. 64, 776 S.W.2d 355 (1989). In addition, appellant claims that because Judge Lofton had recused from the case, he was without jurisdiction to sign any *nunc pro tunc* order.

As in *Lewis* v. *State, supra*, we believe that the order entered after the continuance was granted was sufficient. In *Lewis*, we held that an order entered two months after a continuance was granted was sufficient. Here, the order was entered thirty-five days after the continuance was granted. Because Judge Lofton recused from the case the day after he granted the continuance, the administrative oversight of not filing the order immediately is understandable and the later correction of the record was permissible.

As stated above, a review of the record might be enough to satisfy the requirements of Ark. R. Crim. P. 28.3(i). See *Hubbard* v. *State, supra; McConaughy* v. *State, supra, Key* v. *State, supra, and Kennedy* v. *State, supra. See also Hudson* v. *State*, 303 Ark. 637, 799 S.W.2d 529. The record of the September 3, 1991 hearing indicates that it was appellant who requested the continuance which delayed the trial. The state was prepared to try Clements within the speedy trial period and objected to the continuance. The record also demonstrates that all of the parties understood that a continuance was being granted. Because the record itself demonstrates that this delay was attributable to Clements and was memorialized in the proceedings at the time, this period is excludable under the circumstances.

## THE PERIOD FROM JANUARY 14, 1992
## TO FEBRUARY 11, 1992

On December 12, 1991, Judge Williams recused from the case. The next day, the Honorable Fred Davis was appointed. Judge Williams held a hearing on December 18, 1991 and reset the case from January 14, 1992 to February 11, 1992. An order was signed on December 26, 1991 and filed with the Circuit Clerk on December 27, 1991. The order states that the continuance was with the approval of all parties and that the period of time shall be an excluded period. This period is excludable as evidenced by its own terms. All parties agreed to the delay and the order was properly entered.

In conclusion, all of the delays in bringing Clements to trial were justified under the circumstances of this case. When the relevant periods are excluded the appellant was not denied his right to a speedy trial.

Affirmed.