Henry DUPREE *v.* STATE of Arkansas

CR 92-1364                                    871 S.W.2d 570

Supreme Court of Arkansas
Opinion delivered March 14, 1994

*Robert P. Remet,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Brad Newman,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. This is a speedy trial case. Appellant was charged with delivery of cocaine, a felony, on March 4, 1991. The trial court had a duty to bring appellant to trial in twelve months unless there were delays that constituted excludable periods of time. A.R.Cr.P. Rule 28.1(b). The trial court set appellant's trial for March 3, 1992. On that day, March 3, 1992, appellant was granted a continuance to April 7, 1992. This continuance constituted an excludable period of thirty-

five days. No action was taken on April 7, the date set for trial. On April 10, the case was continued on appellant's motion until May 21, 1992. This continuance constituted an excludable period of forty-one days. The two continuance periods together amounted to seventy-six days of excludable time. On May 21, or one year and two days after he was charged, appellant moved to dismiss the case for lack of speedy trial. The trial court denied the motion. Appellant was tried and convicted. We reverse and dismiss.

■ Appellant was not tried within the time specified by the speedy trial rules. Upon motion by the Attorney General, this court remanded the case to the trial court to settle the record about what occurred to prevent the scheduled trial from taking place on April 7, 1992. The reason for the delay from April 7 to April 10 is critical. However, rather than settling the record upon the remand, the trial court dismissed the remand. Since the record reflects that appellant was not tried within the allowable time, and the trial court refused to settle the record, the Attorney General was left with no choice other than to confess error and recognize that appellant's conviction must be reversed and dismissed. The confession of error is well taken.

Reversed and dismissed.

CORBIN, J., not participating.

HAYS, J., dissents.

STEELE HAYS, Justice, dissenting. The appellant, having four felony convictions, was tried on May 21, 1992, for violation of Ark. Code Ann. § 5-64-401 (1987), delivery of cocaine, a Class Y felony. A jury of his peers in Arkansas County convicted appellant and sentenced him to forty years in the Department of Correction. The majority reverses the conviction and dismisses the information on nothing more than a scrivener's error. I respectfully dissent.

This case is a classic example of a rule bound approach to the law. The appellant could have had a speedy trial. His case was set for trial within the time allowed under Ark. R. Crim. P. 28. However, that was not his wish. So he asked for, and was given, a continuance of thirty-five days. His trial was rescheduled for April 7. But again, a trial was not the goal, so again he asked for,

and was given, a continuance, this time for forty-one days.

Now, notwithstanding the fact that appellant had averted two speedy trials by continuances totalling seventy-six days, the majority dismisses because it charges a two day delay to the state, attributable to a gap between the April 7 trial date and the April 10 order rescheduling the trial to May 21 *at the request of the appellant.*

Ironically, this court has frequently defended a rigid application of the speedy trial rule by noting that its purpose in part, "perhaps above all," is to serve the interests of the public in obtaining a speedy trial. *See*, e.g., *Weaver* v. *State*, 313 Ark. 55, 852 S.W.2d 130 (1993), and *Chandler* v. *State*, 284 Ark. 560, 683 S.W.2d 928 (1985). If that is so, the appellant is the only winner and the public interest is twice thwarted: first, it is denied a speedy trial because the appellant successfully outmaneuvered two trials with back-to-back continuances and, second, it is denied the sober satisfaction of seeing criminal activity punished, all because of a docket error of minuscule proportions.

Arkansas is the only state to apply this simplistic, mechanical approach to the intricacies of case management for purposes of speedy trials. The other states and the District of Columbia *uniformly* adopt the four criteria approved in *Barker* v. *Wingo*, 407 U.S. 514 (1972): the length of delay, the reasons for the delay, whether the defendant asserted the right to a speedy trial and whether the defendant was prejudiced by the delay. *See* 78 Georgetown Law Journal 853, 984-988 (1990). If those criteria, or any one of them, were used in this instance, a different result, eminently more sensible, would clearly prevail.