Ranger Thomas THORNTON *v.* STATE of Arkansas

CR 93-501                                             878 S.W.2d 378

Supreme Court of Arkansas
Opinion delivered June 6, 1994
[Rehearing denied July 11, 1994.]

*Thomas D. Deen*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. This is a second appeal following our decision in *State v. Thornton*, 306 Ark. 402, 815 S.W.2d 386 (1991) (*Thornton I*). In *Thornton I*, Ranger Thornton had pled guilty in municipal court to the traffic offenses of speeding, reckless driving, and drinking on the highway. Although he pled not guilty to the added offenses of running a red light and destruction of public and private property, he was later convicted of those two misdemeanor offenses as well.

Six months after disposition of the five offenses in municipal court, the state filed an information in circuit court, charging Thornton with felony manslaughter. The court dismissed the felony charge on double jeopardy grounds, stating that to prove manslaughter the state had to prove conduct that constituted an offense(s) for which Thornton had already been convicted. The state appealed, and this court reversed, holding that the trial court erred in dismissing, prematurely, the manslaughter charge without first giving the state the opportunity to respond to Thornton's dismissal motion. We suggested the trial court was wrong in assuming the state would not be able to prove the elements of the crime of manslaughter without relying on Thornton's same conduct for which he had previously been convicted in munici-

pal court. In this respect, we cited *Grady* v. *Corbin*, 495 U.S. 508 (1990), and the two tests set out therein determining whether double jeopardy bars a prosecution.[1]

On remand, and at the end of the state's case, the trial court held that the state met its evidentiary burden under *Grady* in showing that double jeopardy did not attach so as to bar its prosecution of Thornton for manslaughter. The trial court also denied Thornton's second defense raised on remand, asserting his right to speedy trial had been violated. In this appeal, Thornton seeks reversal of his conviction based upon the double jeopardy and speedy trial issues he raised below. We consider Thornton's speedy trial argument first, since it is dispositive of this appeal.

Under Arkansas's speedy trial rule Ark. R. Crim. P. 28.1(c), any defendant charged in circuit court and held to bail, or otherwise lawfully set at liberty, shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve months from the time provided in Rule 28.2, excluding only such periods of necessary delay authorized under Rule 28.3. Thornton bases his argument on Ark. R. Crim. P. 28.2(a), which provides that a defendant's speedy trial time generally begins to run from the date a charge is filed in circuit court, unless the defendant has been arrested and is in custody, out on bail, or has been lawfully set at liberty, in which case time runs from the date of arrest.

Here, Thornton was arrested on May 2, 1990 — the date he contends is controlling from which the twelve-month period should commence. This being so, the state had until May 2, 1991 to bring Thornton to trial unless certain periods of delay authorized under Rule 28.3 were excludable from the initial twelve-month period. In other words, the initial twelve-month period can be extended by the length of time of any of the excluded periods authorized in Rule 28.3. Thornton was not tried on the manslaughter charge until October 6, 1992 — 886 days from his date of arrest on May 2, 1990. Accordingly, under Thornton's

---

[1]In *U.S.* v. *Dixon*, 113 S.Ct. 2849 (1993), the Supreme Court overruled *Grady* stating, among other things, that the "same-conduct" rule it announced is wholly inconsistent with earlier Supreme Court precedent and with the clear common-law understanding of double jeopardy.

argument, the state had the burden to show excludable periods of delay, totalling 521 or more days (886 – 365). The state failed to meet that burden.

■ From our review of the record, the following excludable periods of delay are allowed under Rule 28.3 and can be used by the state in calculating Thornton's twelve-month speedy trial time:

| | | |
|---|---|---|
| October 8, 1990 through November 13, 1990 (Thornton's motion for mental exam) | 37 | days |
| December 12, 1990 through October 4, 1991 (Trial court's initial dismissal order of manslaughter charge and supreme court's reversal and issuance of mandate in *Thornton I* appeal) | 297 | days |
| January 3, 1992 through February 10, 1992 (State's November 5, 1991 motion seeking excludable periods of delay and Thornton's November 6, 1991 pretrial motion to dismiss — ruled on by trial court on January 3, 1992, but order was not entered until February 10, 1992) | 30 | days[2] |
| February 14, 1992 through June 8, 1992 (Delay resulting from Thornton's petition for writ of prohibition before supreme court, challenging trial court's denial of Thornton's motion to dismiss and supreme court's denial without prejudice) | 114 | days |
| September 10, 1992 through October 6, 1992 (Thornton's motion for continuance) | 27 | days |

505 excludable days

---

[2]Excludable as period of delay resulting from hearing on pretrial motions under Rule 28.3(a). Period of time in excess of thirty days such motion is held under advisement is not to be considered as excludable period.

After allowing the foregoing 505 excludable periods and deducting them from the 886-day period from Thornton's date of arrest and his trial date, the state was sixteen days late in bringing Thornton to trial.[3]

The state does not question the excludable periods of delay listed above, nor does it offer any new ones. Instead, it simply argues that Thornton's reliance on Rule 28.2(a) and the speedy trial commencement date from the date of Thornton's arrest is inapplicable here. The state points to its earlier appeal in this case, *Thornton* I, and citing *Clements* v. *State*, 312 Ark. 528, 851 S.W.2d 422 (1993), argues Rule 28.2(c) controls and provides for a new twelve-month speedy trial period to commence from the date this court issued its mandate on October 4, 1991. Under the state's argument, Thornton's trial on October 6, 1992 was held 367 days (twelve months, two days) after the new commencement date, and the excludable days during that period were more than sufficient to bring the state's prosecution of Thornton within the required twelve-month period.[4] The state's argument, while creative, is somewhat misguided.

Rule 28.2(c), the rule relied on by the state, provides that, if the defendant is to be retried following a mistrial, an order granting a new trial, or an appeal or collateral attack, the time for trial shall commence running from the date of mistrial, order granting a new trial or remand. Before Rule 28.2(c) applies, the provision plainly presumes, at the least, the state had commenced trying its case against the defendant and the trial concluded in a mistrial or the defendant had been tried but his conviction had been set aside, appealed, or collaterally attacked. In the *Clements* case relied upon by the state, the defendant had been tried, convicted and sentenced, but his conviction was overturned on appeal and remanded for a new trial.

In the present case, no trial had been commenced, much less concluded, against Thornton. Rather, Thornton's pre-

---

[3]The 886-day period minus 505 days is 381 days. In deducting the 365 days or twelve-month speedy trial period from 381 days, sixteen days are left.

[4]It appears undisputed that the three excludable periods listed previously in this opinion were chargeable to Thornton and occurred after this court's remand on October 4, 1991 in *Thornton I*. These periods totalled 171 days.

trial motion to dismiss had been granted barring his prosecution and trial. In this respect, the trial court's order dismissing the state's charge against Thornton was a final one and one from which the state could and did appeal. *See Edwards* v. *State*, 310 Ark. 516, 838 S.W.2d 356 (1992). It is also settled that, for Sixth Amendment purposes, the appeal time, during which Thornton's felony charge had been dismissed freeing him of all liberty restrictions, should be excluded from the length of delay considered under the Speedy Trial Clause. *See United States* v. *Loud Hawk*, 474 U.S. 302 (1986).

Because the dissenting opinion confusingly alludes to some dates and events it suggests are excludable, we are obliged to correct and clarify those references. The dissenting opinion refers to the defense's November 6, 1991 speedy trial motion to dismiss which it suggests warrants another excludable period. It also refers to an amended motion to dismiss filed by the defense on January 3, 1992. The January 3, 1992 amended motion is one which the trial court considered on the same date the motion was filed. Actually, the state initiated this period by filing its November 5, 1991 motion to determine excludable periods to which Thornton responded with his motion to dismiss filed on November 6, 1991. By order dated December 6, 1991, the trial court set these motions (and others) for hearing on January 3, 1992, when it denied Thornton's motion (and amended motion) by erroneously ruling the state had one year from the Arkansas Supreme Court's reversal and issuance of mandate in *Thornton I*. In sum, while the dissenting opinion refers to the foregoing dates and events as warranting different excludable periods, only one thirty-day excludable period is involved under Rule 28.3(a) — from January 3, 1992 and the following thirty-day period it withheld its order denying Thornton's motion to dismiss.

Next, the dissenting opinion suggests an excludable period of forty-two days should be attributable to Thornton's motion for continuance filed on August 26, 1992. By its own order, the trial court specifically determined this excludable period runs from September 10, 1991 until October 6, 1992 — twenty-seven days.

The dissenting opinion also summarily asserts an eighteen-day period should be excluded from the speedy trial rules because of the defense's October 11, 1991 motion for bill of particulars

which the trial court granted on November 4, 1991. Again, the state did not argue this period below or on appeal. The state, of course, is required by way of a bill of particulars to state its action in sufficient certainty to apprise the defendant of the specific crime with which he is charged in order to enable the defendant to prepare his defense. Ark. Code Ann. § 16-86-301 (1987). The record, including the trial court's docket entries, fails to reflect any delay resulted from Thornton's request for a bill of particulars which the state was obliged to provde in the first instance. And if any delay can be said to have resulted, certainly no good cause was provided by the state for it.

Finally, the dissenting opinion asserts the state in this case made timely and repeated attempts to bring Thornton to trial, leaving the impression that the state did all it could to comply with the speedy trial rules. We would first point out that, after this case was remanded for trial, *the state requested no trial date and none was set for more than ten months*. This court's appellate mandate was issued on October 4, 1991, and it was August 12, 1992 when the trial court set the first trial (after remand) to be held on September 17 and 18, 1992. The dissenting opinion erroneously refers to a date of March 30, 1992, but that date was set for a hearing, not a trial. We would also note that, before *Thornton I* and when the trial court had the state's case against Thornton set for trial on November 14, 1990, the state chose to nolle prosse its case on November 13, 1990. The state then refiled charges against Thornton on November 20, 1990.

In sum, we conclude that, under the facts presented here, the state's speedy trial rules patently bar Thornton's prosecution. Even though the state's time to bring Thornton to trial was legally extended from his date of arrest by 505 days (giving the state allowance for its appeal and delays due to Thornton's pretrial trial motions after remand), the state still failed to meet the required twelve-month speedy trial deadline provided under Rule 28.[5] For the reasons given above, we must reverse and dismiss.

---

[5]We note one of the dissenting opinion's reliance upon Rule 28.2(b) — a provision not mentioned by the state in its argument. That provision, by its plain wording, becomes effective when a defendant is either arrested or charged a second time after the charge had been dismissed upon the defendant's motion. Thornton was neither arrested nor charged again by the state, and Rule 28.2(b) is simply inapplicable.

HAYS and BROWN, JJ., dissent. NEWBERN, J., concurs.

DAVID NEWBERN, Justice, concurring. The State appealed from an order dismissing charges against Ranger Thomas Thornton. The dismissal was based on former jeopardy. This Court reversed, and thus Mr. Thornton was again subject to trial. As the majority opinion explains, more than a year of delay chargeable to the State occurred from the time Mr. Thornton was charged.

The State argues Ark. R. Crim. P. 28.2(c) applies and causes the one year period within which he must be tried to recommence with the return of the mandate to the Circuit Court. The majority opinion correctly explains that Rule 28.2(c) does not apply because there is not to be a "retrial."

Justice Brown's dissenting opinion states we should affirm the conviction because the correct result was reached by the Trial Court in view of Rule 28.2(b) which provides, "when the charge is dismissed upon motion of the defendant and subsequently the defendant is arrested or charged with an offense, the time for trial shall commence running from the date the defendant is subsequently arrested or charged, whichever is earlier." Justice Brown suggests that language should apply, even though there has been no subsequent arrest or charge, because the original charge has been the subject of a "resurrection."

If Rule 28.2(b) were clearly applicable, I would not hesitate to apply it in this case even though it has not been argued to us. Application of the Rule here, however, requires forcing or stretching the language of the Rule to fit the facts of this case. We should reserve our prerogative of affirming on the basis of a point not argued for cases in which affirmance is clearly justified rather than one in which we engage in a somewhat questionable, first impression interpretation of a court rule.

While the suggested interpretation of Rule 28.2(b) is tempting, in the circumstances presented I must concur and agree fully with the majority opinion.

STEELE HAYS, Justice, dissenting. Appellant was convicted of drinking on a highway, driving 80 miles per hour in a 35 mile per hour zone, reckless driving, running a red light and destruction of public and private property, all arising from conduct occur-

ring on May 2, 1990. A passenger in a vehicle that had waited for the light to turn green before entering the intersection was killed. On July 23, 1990, appellant was charged with manslaughter, a felony. He was tried, convicted, sentenced to five years and fined $2,000. He is now exonerated of that offense, not because the state was derelict in bringing him to trial, but because he successfully avoided trial time after time.

This is another sad example of the fallacy of a speedy trial rule based simply on the calculus of time and nothing more. I have expressed my views on a mechanical approach to speedy trial in *Dupree* v. *State*, 316 Ark. 324, 891 S.W.2d 570 (1994) and *Weaver* v. *State*, 313 Ark. 55, 852 S.W.2d 130 (1993), and need not repeat them here. I merely point out that the state made timely and repeated attempts to bring the appellant to trial. The case was first scheduled for trial on October 16, 1990. That trial was avoided by appellant's asserted defense of mental disease or defect and motion for a mental examination. The case was reset for trial on November 14, 1990, and the state subpoenaed its witnesses. That attempt was met with a motion by the defense to dismiss on the grounds of former jeopardy, resulting in a motion to nolle prosequi by the state which was granted on November 8, 1990, with no objection by the defense. The case was promptly refiled. After being reversed and remanded by this court the case was next set for a hearing on March 30, 1992, and that attempt was met with a motion by the defense for a continuance. On August 12, 1992, the case was set for trial on September 17, 1992. Again, that attempt was avoided by appellant's motion for a continuance. In sum, on four separate occasions trials or hearings met with delays requested by the appellant. This court has said, "It is not the responsibility of a defendant to bring himself to trial." I agree, but I also suggest that claims by a defendant that he has been denied a speedy trial should be measured in the light of whether diligent efforts by the state to bring him to trial have been repeatedly circumvented until time becomes his weapon. *See Barker* v. *Wingo*, 407 U.S. 514 (1972).

Nor can I reconcile the majority's calculation of sixteen days with the record. The majority excludes thirty days attributable to Thornton's pretrial motion to dismiss after remand (January 6 through February 5, 1992). However, the motion was filed on January 3 and the order is dated February 7, reducing the six-

teen days to eleven. *Nelson* v. *State*, 297 Ark. 58, 759 S.W.2d 215 (1988). Moreover, the majority excludes twenty-seven days attributable to Thornton's motion for a continuance (September 10 through October 6, 1992). But the motion to continue the September 17 trial setting was filed on August 26, and thus, an excludable period of forty-two days rather than twenty-seven, eliminating the sixteen days entirely with four days to spare. The majority opinion notes that the state does not argue these discrepancies before the trial court or on appeal. But it is the appellant's burden to demonstrate error, not vice versa, and we affirm the trial court even if for a different reason. Moreover, it is our consistent practice to consult the record to affirm the trial court. Since the trial court sustained the state's contention that after remand the speedy trial began anew under A.R.Cr.P. 28.2(c), there was no particular reason to count days precisely.

Even using the calendar method, there are excludable periods not mentioned by the majority in calculating that the state was sixteen days late in bringing Thornton to trial: on October 11, 1991, (after remand) the defense filed a motion for a bill of particulars, which was granted on November 4, 1991, an excludable period of eighteen days under Rule 28.3. On November 6, 1991, the defense filed a motion to dismiss for lack of a speedy trial, which the state moved to dismiss and which culminated in the recusal of the sitting special judge and the assignment of the case to another circuit judge. On December 5, Judge Ligon notified Judge Roberts of the transfer and on December 6, 1991, the appellant's motion to dismiss was set for a hearing on January 3, 1992, some part of which (arguably all) is an excludable period under Rule 28.3(h). On January 3, 1992, the defendant filed an amended motion to dismiss based on former jeopardy. On February 7, 1992, the motions to dismiss were denied. Some of the periods may vary, depending on one's interpretation, but even a conservative count more than offsets the majority's sixteen days.

The majority opinion states that *"for more than ten months"* (October 4, 1991 to August 12, 1992) the state requested no trial date and none was set. That not only ignores numerous motions and counter motions filed in October, November, December, and indeed up until the day of the January 3, 1992, hearing (some of which have been noted), the recusal and replacement of the trial judge, but more particularly, it disregards the fact that on Feb-

ruary 14, 1992, the appellant filed a notice of appeal from the denial of his motion to dismiss on grounds of double jeopardy. He then obtained permission to proceed in forma pauperis and obtained a record on May 4, 1992. When the record was lodged here on May 20 it was presented, not as an appeal, for obvious reasons, but as an original action in prohibition, which this court denied on June 6, 1992. During this interval the trial proceedings were suspended. The state is hardly chargeable with this gap in time.

For the reasons stated here and in Justice Brown's dissenting opinion, with which I fully agree, I would affirm the judgment.

ROBERT L. BROWN, Justice, dissenting. This manslaughter charge was dismissed by the circuit court on December 12, 1990, on double jeopardy grounds. As of that date no manslaughter charge existed against Thornton. The State appealed and this court reversed the dismissal and remanded the matter for a hearing on the motion to dismiss. The mandate from this court was entered in the circuit court on October 7, 1992. That mandate had the effect of reinstating the manslaughter charge against Thornton which means the mandate date is the date from which the speedy trial time should run. *See Grable* v. *State*, 649 P.2d 663 (Wyo. 1982). Thornton was tried on October 6, 1993, within the 12-month period.

The majority seeks to tack on time accumulated before the circuit court dismissed the charge in calculating a speedy trial violation. However, our criminal rules without question contemplate running the time for speedy trial purposes from the date that a charge is effective. In this case, that date was when the manslaughter charge was resurrected by court order.

Rule 28.2(b) of the Criminal Rules closely approximates the circumstances of this case:

The time for trial shall commence running, without demand by the defendant, from the following dates:

. . . .

(b) when the charge is dismissed upon motion of the defendant and subsequently the defendant is arrested or

> charged with an offense, the time for trial shall commence running from the date the defendant is subsequently arrested or charged, whichever is earlier;

Prior to this court's mandate, the charge had been dismissed by the circuit court and was void and of no effect. The revival of the charge was comparable to a subsequent charge under Rule 28.2(b).

We have interpreted our Rules of Criminal Procedure in the past to accommodate the intent of the rule. *See Bolt* v. *State*, 314 Ark. 387, 862 S.W.2d 841 (1993). In *Bolt*, we held that the requirement that a defendant "personally" waive a jury trial did embrace a waiver by the attorney when the defendant was present. Similarly, in this case we should recognize the virtual sameness for speedy trial purposes between reviving a moribund charge and a subsequent charge under Rule 28.2(b).

Furthermore, the majority's interpretation will adversely affect the State's decision to appeal if time prior to the State's appeal counts against the 12-month period. In some cases the accumulated period prior to a circuit court's dismissal might be considerable which would render an appeal by the State a useless endeavor. The right of the State to appeal should not be encumbered in this fashion.

The majority's rebuttal in part is that the State did not argue Ark. R. Crim. P. 28.2(b) to this court or to the circuit court. Yet, we can affirm for an alternative reason when the circuit court reaches the correct result. *See Hagen* v. *State*, 315 Ark. 20, 864 S.W.2d 856 (1993).

Again, the charge was reactivated when the mandate issued. The time should run from that date. I respectfully dissent.

HAYS, J., joins.