James CUPPLES *v.* STATE of Arkansas

CR 96-339                                             929 S.W.2d 150

Supreme Court of Arkansas
Opinion delivered September 23, 1996

*Dennis R. Molock*, Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, James Cupples, appeals the order of the Arkansas County Circuit Court convicting him of two counts of rape and one count of sexual abuse. Appellant was tried by the court and sentenced to consecutive prison terms, respectively, of thirty-three years, thirty-three years, and four and one-half years. Jurisdiction of this appeal is properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(2). Appellant's sole point for reversal of the judgment concerns the denial of his motion to dismiss based on an alleged violation of his right to a speedy trial. We find no merit and affirm.

It is not disputed that charges were filed against Appellant on May 24, 1994, and that according to A.R.Cr.P. Rule 28.1(a), he should have been tried within twelve months "excluding only such periods of necessary delay as are authorized in Rule 28.3." The dispute is over excludable periods. Appellant was tried on June 19, 1995, which is twenty-six days beyond the twelve-month constraint of Rule 28.1. Thus, Appellant established a prima facie case that a speedy-trial violation occurred, and the burden shifted to the State to show that the delay was the result of Appellant's conduct or otherwise legally justified. *Jones* v. *State*, 323 Ark. 655, 916 S.W.2d 736 (1996).

The trial court ruled that there were any number of excludable periods including Appellant's delay in hiring counsel, his filing of a motion to suppress evidence, and his waiver and then withdrawal of his right to a jury trial. On appeal, the State contends any one of these three delays is sufficient alone to constitute an excludable period.

The State contends that Appellant's withdrawal of his waiver of the right to a jury trial resulted in an excludable period under either Rule 28.3(a) as a "period of delay resulting from other proceedings concerning the defendant," or Rule 28.3(c) as a "period of delay resulting from a continuance granted at the request of the defendant or his counsel." The docket contains numerous entries concerning Appellant's waiver of jury-trial right. These entries indicate the case was first set for jury trial, then nonjury trial, then jury trial, and then nonjury trial. These entries are without explanation. Because these docket entries do not expressly state that Appellant ever reasserted his right to be tried by a jury, he contends any time relating to this issue should not be charged against him. The State responds by relying on a letter from the trial court to Appellant's counsel, which was filed on November 7, 1994, resetting the case for jury trial *at the defendant's request* for December 20, 1994. The law is well established that if a defendant discovers a docket error that affects his speedy-trial rights, or if a defendant takes exception to the wording of an order, it is his burden to bring the matter to the trial court's attention or to affirmatively request trial. *E.g., Clements* v. *State*, 312 Ark. 528, 851 S.W.2d 422 (1993); *Anderson* v. *Hargraves*, 272 Ark. 259, 613 S.W.2d 587 (1981).

In this case, not only does the trial court's letter, which was filed of record, state that the trial date was reset at Appellant's request, but the corresponding docket entry of November 7, 1994, also states that the jury-trial date was reset for December 20, 1994, at Appellant's request. The record in this case does not reveal that Appellant objected to either the docket entry or the letter. Thus, consistent with *Clements* and *Anderson*, we conclude that, having waited until after his speedy-trial time has expired, Appellant did not timely call his objection to the trial court's attention. Accordingly, the period from November 7, 1994, to December 20, 1994, constitutes an excludable period.

Because the period from November 7, 1994, to December 20, 1994, is excludable from the twelve-month period ending

May 24, 1995, we conclude Appellant was timely tried on June 19, 1995, and that the trial court did not err in denying the motion to dismiss. Accordingly, we need not address the remaining arguments concerning Appellant's delay in hiring counsel and the filing of the motion to suppress.

The judgment of conviction is affirmed.