Dennis BURRELL *v.* STATE of Arkansas

CA CR 98-459                                               986 S.W.2d 141

Court of Appeals of Arkansas
Division IV
Opinion delivered March 10, 1999

*Larry W. Horton*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kelly S. Terry*, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. The appellant, Dennis Burrell, was convicted in a jury trial of rape and was sentenced to twenty years in prison. As his sole issue on appeal, appellant contends that the trial court erred in denying his motion to dismiss in which he argued that he was denied a speedy trial. We disagree and affirm.

The speedy-trial period began to run in this case on June 7, 1996, the date the information was filed. Ark. R. Crim. P. 28.2(a). By rule, appellant was entitled to be tried within twelve months from that date. Ark. R. Crim. P. 28.1(c). Appellant's trial took place on December 15, 1997. Absent any excludable periods of delay authorized by Ark. R. Crim. P. 28.3, the trial was held 191 days beyond the twelve-month limitation.

Appellant moved for dismissal on the day of trial. Since appellant established a *prima facie* case that a speedy-trial violation had occurred, the burden shifted to the State to show that the delay was the result of appellant's conduct or was otherwise legally justified. *Jones v. State*, 323 Ark. 655, 916 S.W.2d 736 (1996). The trial court denied appellant's motion, finding that the delay in trial was attributable to appellant's failure to submit hair and saliva samples for analysis, which the State had repeatedly requested and the court had ordered appellant to provide.

On appeal, appellant advances three, broadly stated arguments in support of his contention that he was denied a speedy trial. On the first two points we can readily agree. There were no continuances requested by appellant, and the record does not reflect that the trial was delayed because of docket congestion. We

do not agree, however, that the trial court's decision ran afoul of Rule 28.3(i).

A review of the record discloses that the victim's rape kit and clothing were sent to the Arkansas State Crime Lab for analysis. In a report dated October 17, 1996, the crime lab requested samples of blood, saliva, pubic hair, and head hair from appellant for comparison with the evidence on hand. On November 18, 1996, the State filed a motion seeking a court order for these materials. According to the court's docket, a hearing was held on the State's motion on December 30, 1996, and the court granted the motion as to the collection of hair from the appellant, but it held in abeyance any decision with respect to the taking of blood samples. On March 11, 1997, the State again moved for the collection of these samples. By order of March 19, 1997, the court ordered the collection of hair and saliva samples "no later than 3/21/97." In the meantime, on March 18, the court made a docket entry setting appellant's trial "2nd out on 4/21/97 or 1st on 4/24/97."

On March 26, 1997, the State filed a motion requesting the revocation of appellant's bond based on his failure to appear for the collection of samples by the March 21 deadline. On April 3, the court entered an order for appellant's arrest and for him to submit the samples of hair and saliva as had been previously ordered. This order further provided that the "speedy trial time is tolled as of this date." On June 16, the court set appellant's trial for July 10 at 9:00 a.m. However, the crime lab report was not completed until July 14. On September 12, the court set appellant's case for trial on December 15.

■ Appellant is correct that Rule 28.3(i) provides that "[a]ll excludable periods shall be set forth by the court in a written order or docket entry." In *Cox v. State*, 299 Ark. 312, 772 S.W.2d 336 (1989), the supreme court added that the trial court should set out the reasons for any delays and should specify to a date certain the time covered by excluded periods. However, a trial court's failure to comply with Rule 28.3(i) does not result in automatic reversal. *McConaughy v. State*, 301 Ark. 446, 784 S.W.2d 768 (1990). It has been held that, when a case is delayed by the accused and that delaying act is memorialized by a record

taken at the time it occurred, that record may be sufficient to satisfy the requirements of Rule 28.3(i). *Goston v. State*, 326 Ark. 106, 930 S.W.2d 332 (1996).

The only case cited by appellant is this court's decision in *Shaw v. State*, 18 Ark. App. 243, 712 S.W.2d 338 (1986). In *Shaw*, we reversed the denial of the appellant's speedy-trial motion because there was a complete absence of written orders or docket entries detailing the reasons for the delay in trial. By contrast here, the court's orders and docket entries do provide a contemporaneous record which demonstrates that the delay was caused by appellant's refusal to abide by the court's orders to provide samples for testing. *Shaw* is thus distinguishable on that basis. *See Cox v. State, supra.*

As to the number of days excluded, we are primarily struck by the court's April 3, 1997, order which provided that "the speedy trial time is tolled as of this date." Under a plain reading of this order, the court excluded the period from the date of its entry until the date the case was tried. With the exclusion of these 256 days, appellant was not denied the right to a speedy trial. Although the court tolled the speedy-trial period indefinitely rather than to a date certain, appellant made no argument contesting that order at any time in the proceedings below. As far as the court and the prosecution were concerned, the speedy-trial period was not running as of that April 3rd date. If appellant took exception either to the wording of the order or to the time excluded under its express terms, it was incumbent on him to bring that to the attention of the trial court within a reasonable time rather than waiting to challenge it for the first time in this appeal. *See Lewis v. State*, 307 Ark. 260, 819 S.W.2d 689 (1991). *See also, Clements v. State*, 312 Ark. 528, 851 S.W.2d 422 (1993); *Anderson v. Hargraves, Judge*, 272 Ark. 259, 613 S.W.2d 587 (1981). A litigant may not complain belatedly when a timely objection could avert error. *Lewis v. State, supra.* Stated another way, we will not reverse in the absence of an objection giving the trial court an opportunity to rule on the exclusion of this time period. *See Strickland v. State*, 331 Ark. 402, 962 S.W.2d 769 (1998). We also note that we cannot say that the suspension of the speedy-trial period was for an unreasonable length of time under

the circumstances of this case. Moreover, the exclusion of this period can be considered one for "good cause" under Rule 28.3(h), which does not require that an order be date specific. *Id.*

Based on the arguments presented and our review of the record, we cannot conclude that the trial court erred in denying appellant's motion to dismiss. Although the State has conceded error in this case, as the appellate court it is our function to pass judgment on the trial court's decision, and we do not consider ourselves bound by the State's conclusion that error occurred. The proper administration of the law cannot be left merely to the stipulation of the parties. *Young v. United States*, 315 U.S. 257 (1942); *see also, Garcia v. United States*, 469 U.S. 70 (1984). *Accord Jones v. Donovan*, 244 Ark. 474, 426 S.W.2d 390 (1968). The decision of the trial court is affirmed.

Affirmed.

PITTMAN and STROUD, JJ., agree.