Melvin Wayne AUTREY *v.* STATE of Arkansas

CA CR 04-561                                      204 S.W.3d 84

Court of Appeals of Arkansas
Opinion delivered February 23, 2005

*Robert S. Blatt*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

TERRY CRABTREE, Judge. A jury sitting in the Crawford County Circuit Court convicted the appellant, Melvin Wayne Autrey, of manufacture of methamphetamine, possession of drug paraphernalia with intent to manufacture methamphetamine, and possession of ephedrine or pseudoephedrine. He was sentenced to twenty-five years' imprisonment in the Arkansas Department of Correction and fined $3,000. On appeal, appellant brings two challenges: (1) that the trial court erred in finding that his speedy-trial rights were not violated; and (2) that the trial court erred in failing to give two jury instructions. We affirm.

Appellant argues that he was not brought to trial within twelve months as required by Ark. R. Crim. P. 28.1(b) (2004). He was arrested on July 24, 2002, and should have been brought to trial by July 24, 2003, if there were no excludable periods under Ark. R. Crim. P. 28.3. Because the trial did not occur until 186 days later, on January 26, 2004, appellant made a *prima facie* case that his right to a speedy trial was violated; therefore, the burden was on the State to show that the delay was the result of appellant's conduct or was otherwise justified. *Miles v. State*, 348 Ark. 544, 75 S.W.3d 677 (2002).

Appellant concedes that a period of eighty-eight days from October 31, 2003, until January 26, 2004, was correctly excluded on his motion, reducing the disputed time from 186 days to ninety-eight days. However, there were four other periods attributable to appellant which, if excluded under Ark. R. Crim. P. 28.3, reduce the time between arrest and trial to less than twelve months. Appellant contends that three of these periods should not have been excluded because the trial court failed to continue the case to a day certain in its written order or docket entry as required by Ark. R. Crim. P. 28.3(a); appellant does not address the fourth period of time.

*March 17, 2003, to April 14, 2003 (28 days)*

A suppression hearing was scheduled for March 17, 2003. The transcript shows that appellant's attorney orally moved that the case be passed until the State obtained a crime-lab analysis report "and at my request, that it be an excluded period of time." The judge continued the hearing to the next mandatory appearance. When instructed to prepare the order, appellant's counsel asked, "Is there a date that I should put in my order, Your Honor?" The judge replied, "No, just — you'll just have to say, to

the next mandatory" and "show it was an excluded period." Appellant's counsel replied, "okay," and "thank you, Judge." The order was entered on March 19, 2003. The mandatory appearance date, April 14, 2003, was set by order entered April 1, 2003. The docket entries reflect these actions. Appellant never objected to the wording of the order. On July 28, 2003, appellant moved to include this period in the speedy-trial time calculation because the trial judge failed to state a date certain in a written order or docket entry at the time he granted the continuance as required by Ark. R. Crim. P. 28.3. The trial court denied the motion.

■ Appellant's motion to dismiss concerned this period and the period from April 14 through June 23. He did not object in a timely fashion to either order or to their exclusion from speedy-trial time. *See Clements v. State*, 312 Ark. 528, 851 S.W.2d 422 (1993) (where appellant knew of order affecting speedy-trial time in November and did not voice disagreement until February, his objection was untimely); *Lewis v. State*, 307 Ark. 260, 819 S.W.2d 689 (1991) (objection not timely when appellant waited for over four months to object to an order excluding time for speedy-trial purposes). By waiting until the speedy-trial time expired to call attention to deficiencies in the orders and docket entries, appellant waived his right to complain about them later. *Cupples v. State*, 326 Ark. 31, 926 S.W.2d 150 (1996).

■ Appellant's only argument on appeal is that this continuance cannot be charged against him because the trial court did not enter an order or a docket entry specifying a date certain in literal compliance with Ark. R. Crim. P. 28.3(c). Yet, excluded periods without a written order or docket entry will be upheld when the record clearly demonstrates that the delays were attributable to the accused or legally justified and where the reasons were memorialized in the proceedings at the time of the occurrence. *See Miles, supra.* This is true even when the date is not specified. *See Burrell v. State*, 65 Ark. App. 272, 986 S.W.2d 141 (1999).

■ Arkansas Rule of Criminal Procedure 28.3(h) provides that "other periods of delay for good cause" shall be excluded in computing the time for trial. If a period can be excluded for good cause under subsection (h), there is no requirement of a date certain in the order or docket entry granting the continuance. Even if a continuance is made on defendant's motion, it can also be a continuance for good cause under subsection (h). *See Burrell,*

*supra.* This period, as well as the next one, was caused by the delay in getting crime-lab test results that were pertinent to appellant's motion to suppress. This was "good cause" under subsection (h). *See Cherry v. State,* 347 Ark. 606, 66 S.W.3d 605 (2002) (State's appeal was "good cause" under Rule 28.3(h), and time was excluded for speedy-trial purposes). Based upon these reasons, we believe that it was not error for the trial court to exclude this period for purposes of speedy-trial calculation.

### *April 14, 2003, to June 23, 2003 (70 days)*

The second oral continuance motion was made by appellant's counsel at the April 14, 2003, mandatory appearance. At that time, there still was no crime-lab report. The transcript shows that appellant requested "that the case be passed to the next mandatory [setting]." The continuance request was contested by the State, which had five witnesses presented to testify that day. The judge continued the matter until the next mandatory setting and instructed appellant's counsel to prepare the order, charging the time against appellant for speedy-trial purposes. Appellant's attorney never prepared the order as directed. Instead, the next mandatory court appearance was scheduled for June 23, 2003, by letter from the judge's case coordinator file-marked April 29, 2003. The letter referred to the granting of the defendant's request for a continuance on April 14, 2003. The docket entries reflect these actions. On July 28, 2003, appellant moved to include this period in the speedy-trial time calculation because the trial judge failed to state a date certain at the time he granted the continuance in a written order or docket entry as required by Ark. R. Crim. P. 28.3(a). The trial court denied the motion. Since appellant received exactly the relief he requested, a continuance to the next mandatory setting, he has no basis upon which to raise the issue on appeal. *Hardman v. State,* 356 Ark. 7, 144 S.W.3d 744 (2004). Even if we reached this argument, it would fail for the same reasons stated with regard to the March 17 to April 14 period.

### *June 23, 2003, to August 18, 2003 (56 days)*

On May 14, 2003, appellant's counsel filed a motion for continuance regarding the June 23, 2003, mandatory appearance stating that he was scheduled to be in trial in another county on that day. By order file-marked May 19, 2003, the motion was granted, with the appearance "to be reset at a later date" and with

the time to be excluded for speedy-trial purposes. On June 3, 2003, the trial judge set the hearing for August 18, 2003, and on July 24, 2003, the judge sent a notice of mandatory appearance for August 18, 2003. The docket entries reflect these actions. Though appellant did not mention this period of time in either his motion to dismiss or argument at the hearing, and the trial court did not mention it in the order denying appellant's motion to dismiss, appellant argued against its exclusion in his brief on appeal. Appellant based his argument on the fact that the trial judge failed to state a date certain at the time he granted the continuance in a written order or docket entry as required by Ark. R. Crim. P. 28.3(a). As this argument was not made below, it cannot be reached on appeal, and this period must also be excluded from the speedy-trial calculation. *See Burrell, supra.* Again, even if this argument could be reached, it would fail for the same reasons stated with regard to the March 17 to April 14 period.

### *September 4, 2003, to October 31, 2003 (57 days)*

On September 4, 2003, the case was set for trial. After the parties announced ready for trial, but before jury selection concluded, appellant objected to one of the State's instructions. When the trial judge refused to rule on the objection until he had heard the evidence, appellant requested a continuance, and the trial court granted it. The trial date was reset to October 31, 2003. The granting of the continuance and the exclusion of the time for speedy-trial purposes were memorialized in the order denying defendant's motion to dismiss dated September 26, 2003, and filed September 29, 2003. The docket entries and the transcript reflect these actions. Appellant did not contest this exclusion below and failed to mention it at all in his brief on appeal. Thus, we cannot reach it on appeal, and the time must be excluded for speedy-trial purposes. *See Burrell, supra.* Again, even if this argument could be reached, it would fail for the same reasons stated with regard to the March 17 to April 14 period.

Based upon our review of the evidence, we hold that the trial court did not err in excluding any of the four periods from the speedy-trial time calculation. Appellant was tried within the twelve months allotted, and his argument lacks merit.

For appellant's next point on appeal, he contends that the trial court erred in refusing to dismiss the amended charges filed by the State. Appellant contends that charges contained in

two amended informations filed against him stating additional crimes arising from the same set of circumstances for which appellant was arrested on July 24, 2002, should have been dismissed because he allegedly was not tried within the twelve-month period required by law. For the same reasons stated above regarding the alleged speedy-trial violation, this argument lacks merit.

For appellant's last point on appeal, he maintains that the trial court erred in refusing to give appellant's requested jury instructions. Appellant claims that the trial court erred by not giving two requested jury instructions, one regarding the State's destruction or loss of a detective's handwritten notes, and the other regarding appellant's assertion that possession of pseudoephedrine with intent to manufacture methamphetamine is a lesser-included offense of possession of drug paraphernalia with intent to manufacture methamphetamine.

Appellant first argues that the trial court erred in refusing to instruct the jury regarding spoliation. At trial, Sergeant Dannie Phillips of the Crawford County Sheriff's Office testified regarding his recollection of the events that culminated in appellant's arrest, including what he overheard while listening to a "wire" transmission when a confidential informant was talking with appellant. He testified that he had a typewritten report as well, though it was not introduced into evidence. Appellant's counsel then questioned him about the report on re-cross examination. Essentially, Phillips testified that he made his typewritten report on a computer based upon his handwritten notes and his memory. Phillips stated that he no longer had the handwritten notes. Notably, appellant did not object to any of Phillips' testimony or ask for any type of sanctions based upon the loss of the handwritten notes.

Appellant asserts that Sergeant Phillips destroyed his handwritten notes and that the jury should have been instructed on spoliation, giving the jury the ability to infer that evidence destroyed was unfavorable to the party responsible for its spoliation. While that may be true in civil cases in Arkansas, it is not the law in criminal cases. For instance, there is no Arkansas Model Jury Instruction – Criminal regarding spoliation. However, there is an Arkansas Model Jury Instruction – Civil on the issue, AMI 106.

An instruction on spoliation is designed to remedy litigation misconduct. *See Rodgers v. CWR Construction, Inc.*, 343 Ark. 126, 33 S.W.3d 506 (2000); *Goff v. Harold Ives Trucking*

*Co., Inc.*, 342 Ark. 143, 27 S.W.3d 387 (2000). Here, such an instruction would have meant that the State had behaved improperly in failing to preserve Phillips's notes. However, the State is only required to preserve evidence that is expected to play a significant role in appellant's defense, and then only if the evidence possesses both (1) an exculpatory value that was apparent before it was destroyed, and (2) a nature such that the defendant would be unable to obtain comparable evidence by other reasonably available means. *California v. Trombetta*, 467 U.S. 479 (1984); *Wenzel v. State*, 306 Ark. 527, 815 S.W.2d 938 (1991). There was no showing that Phillips's handwritten notes of the wire conversation would be exculpatory; in fact, it is more likely that they would be inculpatory, as evidenced by Phillips's testimony and his typewritten report. *See Wenzel, supra; Kenyon v. State*, 58 Ark. App. 24, 946 S.W.2d 705 (1997). Also, there was ample comparable evidence available in Phillips's testimony and his typewritten report. Because there is no evidence of pre-existing exculpatory value and there was comparable evidence readily available, the police were not required to preserve the handwritten notes as evidence.

　　　　　In addition, appellant's proposed spoliation instruction also contradicts *Arizona v. Youngblood*, 488 U.S. 51 (1988). In *Youngblood* such an instruction was given at the trial level, but it was not adopted as the appropriate remedy by the Court. *Youngblood*, 488 U.S. at 54. Instead, the Court relied on *Trombetta, supra*, and added the requirement that the defendant show bad faith on the part of the police to prove a due-process violation based on the destruction of potentially useful evidence. *Id.* at 58. This bad-faith requirement was reiterated in *Illinois v. Fisher*, 540 U.S. 544 (2004). Arkansas courts have followed *Youngblood* in their opinions. *See Wenzel, supra.* Here, there is no proof of bad faith on the part of the police in the destruction or loss of the notes. A bare contention of bad faith without supporting facts does not demonstrate that the State acted in bad faith in destroying evidence. *Lee v. State*, 327 Ark. 692, 942 S.W.2d 231 (1997). In fact, where police follow standard operating procedure, it is evidence that there was not bad faith. *Id.* Phillips' testimony indicates that his actions regarding the handwritten notes and the preparation of the typewritten report were in keeping with his standard practice; this is evidence that he did not act in bad faith.

██ Finally, in his argument on appeal, appellant alludes to the notes as the best evidence of the conversation. Appellant made no objections or arguments below regarding the handwritten notes based on the best evidence rule, Ark. R. Evid. 1002 (2004). Thus, any such argument is waived and cannot be reached on appeal. *See Burrell, supra.*

██ We believe that appellant had ample opportunity to question Phillips about the missing notes on re-cross examination. His requested instruction regarding spoliation was an attempt to unfairly obtain an inference of misconduct on the part of the State when, in fact, the State had no obligation to preserve the hand-written notes and did not act in bad faith. As a result, the trial court's ruling excluding the instruction should be affirmed.

██ Lastly, appellant argues that the trial court erred in refusing to instruct the jury that possession of pseudoephedrine with intent to manufacture methamphetamine is a lesser-included offense of possession of drug paraphernalia with intent to manufacture methamphetamine. Arkansas Code Annotated § 5-1-110(b) (Repl. 1997) provides that a defendant may be convicted of an offense included in another offense with which he is charged, commonly known as a lesser-included offense. The determination of when an offense is included in another offense depends solely upon whether it meets one of the three tests set out in Arkansas Code Annotated § 5-1-110(b). *See Gaines v. State,* 354 Ark. 89, 118 S.W.3d 102 (2003). At issue here is Ark. Code Ann. § 5-1-110(b)(1), and we must decide whether the alleged included offense is established by proof of the same or less than all the elements required to establish the commission of the offense charged.

██ The elements of possession of drug paraphernalia with intent to manufacture methamphetamine are: (1) possession with intent to use, (2) drug paraphernalia, (3) to manufacture methamphetamine. Ark. Code Ann. § 5-64-403(c)(5) (Supp. 2003). The crime is a class B felony and includes a mandatory fine not exceeding $15,000. Ark. Code Ann. § 5-64-403(c)(5). The elements of possession of pseudoephedrine with intent to manufacture methamphetamine are: (1) possession of pseudoephedrine, (2) with intent to manufacture methamphetamine. Ark. Code Ann. § 5-64-1102(a)(1) (Supp. 2003). The crime is a class D felony. Ark. Code Ann. § 5-64-1102(a)(2).

The obvious difference in the two crimes' elements is the possession of drug paraphernalia versus the possession of pseudoephedrine. We believe that pseudoephedrine is not drug paraphernalia. "The term 'drug paraphernalia' means all equipment, products and material of any kind which are used, intended for use, or designed for use, in . . . manufacturing . . . producing, processing, preparing . . . a controlled substance." Ark. Code Ann. § 5-64-101(v) (Repl. 1997). The statute lists examples of items that meet the definition. Some of those items are kits for use in growing plants from which controlled substances can be derived; testing equipment used in analyzing the purity of controlled substances; scales and balances for weighing controlled substances; blenders, bowls, containers, and mixing devices used to compound controlled substances; capsules, balloons, envelopes and other containers used to package controlled substances; syringes, needles, and other objects used to inject controlled substances into the body; water pipes; roach clips; and bongs. Ark. Code Ann. § 5-64-101(v)(1) through (12). Pseudoephedrine, on the other hand, is not "used" to manufacture methamphetamine. Instead, it is an ingredient of methamphetamine, cooked together with iodine (and phosphorus, which acts as a catalyst), according to Christy Sullivan, a forensic chemist at the Arkansas State Crime Laboratory, who testified as an expert at appellant's trial. Arkansas Code Annotated § 5-64-101(v) (Repl. 1997) does not include drug ingredients in its list of examples of "drug paraphernalia." Also, the difference in the language of § 5-64-403(c)(5) and § 5-64-1102(a)(1) signifies that pseudoephedrine is not drug paraphernalia, as § 5-64-403(c)(5) requires the intent to "use" the drug paraphernalia to manufacture methamphetamine, while § 5-64-1102(a)(1) does not require the intent to "use" pseudoephedrine to manufacture methamphetamine. Because pseudoephedrine is not drug paraphernalia, the two statutes contain different elements, and § 5-64-1102(a)(1) is not a lesser-included offense of § 5-64-403(c)(5). *Cf. Gaines, supra,* (carnal abuse in the third degree is not a lesser-included offense of rape); *see also Cherry v. State,* 80 Ark. App. 222, 95 S.W.3d 5 (2003) (appellant convicted of both possession of pseudoephedrine to manufacture methamphetamine and possession of drug paraphernalia with intent to manufacture methamphetamine separately where evidence included not only pseudoephedrine but also used glass and plastic containers, glass jars, coffee filters, starting fluid, plastic tubing, and

other items of drug paraphernalia). Here, there was ample evidence to convict appellant of possession of drug paraphernalia with intent to manufacture methamphetamine, including scales, glass and plastic containers with residue, used coffee filters with residue, match books without striker plates, plastic tubing, and other materials associated with methamphetamine manufacturing.

Because possession of pseudoephedrine with intent to manufacture methamphetamine is not a lesser-included offense of possession of drug paraphernalia with intent to manufacture methamphetamine, the trial court did not err in refusing appellant's requested instruction. *See* Ark. Code Ann. § 5-1-110(c); *Gaines, supra.* As a result, we affirm the trial court's ruling.

Affirmed.

BIRD and BAKER, JJ., agree.