

# SUPREME COURT OF ARKANSAS

No. CR–15–572

| | |
|---|---|
| TROZZIE LAVELLE TURNER<br>APPELLANT | **Opinion Delivered** March 10, 2016 |
| V. | APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT [NO. 14CR-06-79-5] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE DAVID W. TALLEY, JR., JUDGE |
| | <u>AFFIRMED IN PART; REVERSED AND REMANDED IN PART</u>. |

**HOWARD W. BRILL, Chief Justice**

Appellant Trozzie Lavelle Turner appeals the order of the circuit court denying his petition for postconviction relief. Turner was found guilty by a Columbia County jury of possession of cocaine with intent to deliver, possession of methamphetamine with intent to deliver, and maintaining a drug premises, for which he was sentenced to an aggregate total of eighty-six years in the Arkansas Department of Correction. Turner appealed, and the court of appeals affirmed. *See Turner v. State*, 2009 Ark. App. 822.

Thereafter, counsel for Turner filed a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. The circuit court denied the petition without a hearing. Turner contends on appeal that the circuit court erred in denying his petition for postconviction relief because (1) trial counsel was ineffective in failing to object to certain statements made by the prosecutor during closing argument, and (2) trial counsel was

SLIP OPINION

ineffective in failing to make a motion to dismiss for lack of a speedy trial and in failing to make an adequate record that the time for speedy trial had run before the trial started. We affirm in part and reverse and remand in part.

This court does not reverse a denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Taylor v. State*, 2015 Ark. 339, at 4, 470 S.W.3d 271, 275. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*, 470 S.W.3d at 275.

On review of claims of ineffective assistance of counsel, this court follows the standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

Unless a defendant makes both *Strickland* showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.



I. *Prosecutor's Comments During Closing Argument*

Turner contends that trial counsel was ineffective in failing to object to certain statements made by the prosecutor in his rebuttal to trial counsel's closing argument. First, Turner claims that, during rebuttal, the prosecutor improperly shifted the burden of proof and implied that a defendant has an obligation to refute evidence. The prosecutor stated,

> If I had been defending this case and I knew that I was going to come in here and tell twelve folks that I lived down in Emerson, do you know what I would have given you folks? I'd have given you stacks of utility bills from Emerson, stacks and stacks of phone bills and electric bills and gas bills and cable bills. I'd have gotten my neighbors in here and said, "Yeah, I see him there every day."

The State responds that the prosecutor's remarks were not improper because they were directly connected to both the testimony elicited by trial counsel and trial counsel's closing argument. We agree.

Turner's charges stemmed from the execution of a search warrant on a residence in Magnolia, Arkansas, during which law enforcement officers seized cocaine and methamphetamine. Part of Turner's defense was that he did not live at the Magnolia residence from which illegal drugs were being sold. During the trial, trial counsel elicited testimony from Turner's brother, among others, that Turner lived in Emerson, Arkansas, when the drugs were discovered. In closing argument, trial counsel reiterated that Turner lived in Emerson, not Magnolia. In closing argument, counsel may argue any plausible inference that can be drawn from the testimony at trial. *See, e.g., Jackson v. State*, 368 Ark. 610, 615, 249 S.W.3d 127, 130 (2000). Moreover, this court has held that the State is allowed to comment on matters raised by the defense in its closing argument. *Biggers v. State*,

317 Ark. 414, 426, 878 S.W.2d 717, 723 (1994). In making his statement, the prosecutor did not improperly shift the burden to Turner. Failure to make a meritless objection is not an instance of ineffective assistance of counsel. *Decay v. State*, 2014 Ark. 387, at 10, 441 S.W.3d 899, 907.

Second, Turner claims that trial counsel was ineffective in failing to object to the following comment by the prosecutor: "You folks know there's a lot more going on that you didn't get to hear." In support of his claim, Turner makes conclusory allegations that the prosecutor's statement suggested that there was inadmissible evidence favorable to the State, and he provides a string cite to cases from other jurisdictions. This court does not consider assignments of error that are unsupported by convincing argument or authority. *E.g.*, *Young v. State*, 370 Ark. 147, 156, 257 S.W.3d 870, 878 (2007); *see also Hester v. State*, 362 Ark. 373, 386, 208 S.W.3d 747, 754 (2005) (stating that this court does not research or develop arguments for appellants). Accordingly, we do not address this claim.

Third, Turner contends that trial counsel was ineffective in failing to object when the prosecutor made a veiled reference to his failure to testify at trial:

> *If you find this man guilty, remember the suggestion in this case is that, "I wasn't there. It ain't my house. I don't live there.* It's my sister's furniture, but it doesn't matter, because the police planted the dope anyway. That's his case."

(Emphasis added.)

An allegedly improper comment on the defendant's failure to testify usually occurs during the prosecutor's closing argument when the evidence is closed and the defendant's opportunity to testify has passed. *Decay*, 2014 Ark. 387, at 8, 441 S.W.3d at 907. Under

SLIP OPINION

those circumstances, a comment that draws attention to the defendant's failure to testify is improper because it creates the risk that the jury will surmise that the defendant's failure to testify was an admission of guilt. *Id*. at 8–9, 441 S.W.3d at 907. Consequently, the comment has the effect of making the defendant testify against himself in violation of the Fifth Amendment. *Id*. at 9, 441 S.W.3d at 907. In determining whether a prosecutor has improperly commented on a defendant's failure to testify, this court conducts a two-step review. *Id*., 441 S.W.3d at 907. First, we determine whether the comment itself is an improper comment on the defendant's failure to testify. *Id*., 441 S.W.3d at 907. The basic rule is that a prosecutor may not draw attention to the fact of, or comment on, the defendant's failure to testify. *Id*., 441 S.W.3d at 907. A veiled reference to the defendant's failure to testify is improper, as well. *Id*., 441 S.W.3d at 907. If we determine that the prosecutor's closing argument statement did indeed refer to the defendant's choice not to testify, we then determine whether it can be shown beyond a reasonable doubt that the error did not influence the verdict. *Id*., 441 S.W.3d at 907.

Closing arguments must be confined to questions in issue, the evidence introduced at trial, and all reasonable inferences and deductions that can be drawn therefrom. *E.g.*, *Leaks v. State*, 339 Ark. 348, 357, 5 S.W.3d 448, 454 (1999). When an attorney's comment during closing arguments is based on, or may be inferred from, testimony at trial, there is no error. *See Hendrix v. State*, 2011 Ark. 122, at 10–11. Further, when the defense, by adopting a particular strategy, opens the door for the prosecution to respond to evidence submitted or statements made by defense counsel, statements made by the prosecution to rebut the defense

strategy are not necessarily impermissible references to the defendant's failure to testify. *See Rounsaville v. State*, 2011 Ark. 236, at 3–4 (per curiam). Here, through witness testimony and arguments of trial counsel, the defense maintained that Turner did not live at the Magnolia residence. The prosecutor's statement during rebuttal was not a veiled reference to Turner's choice not to testify; rather, the statement was a challenge to the defense's theory of the case.

Moreover, the jury was instructed that opening statements, remarks of counsel during the trial, and closing arguments of the attorneys were not evidence and to disregard any argument, statements, or remarks of attorneys that had no basis in the evidence. The jury was also instructed that Turner had an absolute constitutional right not to testify and the fact that he did not testify was not evidence of his guilt. This court presumes that jurors follow the circuit court's instructions. *E.g.*, *Dunlap v. State*, 292 Ark. 51, 65, 728 S.W.2d 155, 162 (1987).

Finally, even if Turner has demonstrated that trial counsel's performance was deficient when he failed to object to the comments, Turner has failed to demonstrate prejudice. Before a petitioner can prevail on an allegation that counsel failed to object during closing argument, he must establish that he was denied a fair trial by counsel's failure to object. *See, e.g.*, *Hayes v. State*, 280 Ark. 509, 509-F, 660 S.W.2d 648, 653 (1983). Turner has not done so in this case.[1] The circuit court did not err in ruling that trial counsel was not ineffective

---

[1]Turner contends that, standing alone, the prosecutor's comments are egregious, but when taken together, they are even more egregious and prejudicial. Inasmuch as Turner is making a cumulative-error argument, we do not address it because this court does not recognize cumulative error in allegations of ineffective assistance of counsel. *E.g.*, *Noel v. State*, 342 Ark. 35, 42, 26 S.W.3d 123, 128 (2000).



in failing to object to the prosecutor's comments during rebuttal.

## II. *Speedy Trial*

Turner contends that trial counsel was ineffective in failing to move for dismissal for lack of a speedy trial and in failing to make an adequate record that the time for speedy trial had run before the trial started. Pursuant to Arkansas Rule of Criminal Procedure 28.1 and 28.2, a defendant must be brought to trial within twelve months of the date of his arrest unless there are periods of delay that are excluded under Rule 28.3. If the defendant is not brought to trial within the requisite time, the defendant is entitled to have the charges dismissed with an absolute bar to prosecution. Ark. R. Crim. P. 28.1(c), 30.1.

Turner was arrested on March 9, 2006. He was brought to trial on October 8, 2008, which was 944 days after the time for speedy trial had begun to run. Accordingly, if trial counsel had moved for a dismissal, he would have made a prima facie showing of a violation of the rule, and the burden would have shifted to the State to show good cause for the delay. *Camargo*, 346 Ark. at 126, 55 S.W.3d at 261. Whether counsel was ineffective, therefore, depends on whether the State would have been able to prove that there were excluded periods sufficient to bring Turner's trial within the twelve-month period. *Id.*, 55 S.W.3d at 261.

In its order denying postconviction relief, the circuit court found no merit in Turner's argument that trial counsel was ineffective in failing to make a motion to dismiss for lack of a speedy trial and in failing to make an adequate record that the time for speedy trial had run before the trial started. The court stated,

The record is clear the Defendant agreed to continuances with extended periods for speedy trial purposes and he specifically agreed for the time to be excluded until the date of his jury trial. The matter was set for trial several times; the majority, if not all, of the continuances were at the request of the Defendant.

Turner asserts that the circuit court's order is deficient because it did not include specific factual findings regarding periods excludable for speedy trial, but merely determined, in conclusory fashion, that the majority, if not all, of the continuances were at the request of the defendant. We agree. When no hearing is held on a Rule 37.1 petition, the trial court has an obligation to provide written findings that conclusively show that the petitioner is entitled to no relief. *Camacho v. State*, 2011 Ark. 235, at 1 (per curiam); *see also* Ark. R. Crim. P. 37.3. In doing so, the court shall specify "any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3.

This court has affirmed the denial of a Rule 37.1 petition notwithstanding the circuit court's failure to make sufficient findings under Rule 37.3(a) only in two circumstances: (1) when it can be determined from the record that the petition is wholly without merit, or (2) when the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *See Davenport v. State*, 2011 Ark. 105, at 5 (per curiam). However, it is not incumbent on this court to scour the record to affirm. *Id*. Sufficient written findings by the circuit court are required to demonstrate to this court that Turner was entitled to no relief on his speedy-trial-ineffective-assistance claim. *See Walden v. State*, 2014 Ark. 10, at 2 (per curiam). The circuit court's findings are insufficient for our review. Accordingly, we reverse and remand the dismissal of the speedy-trial-ineffective-assistance claim for compliance with Rule 37.3. On remand, the circuit court shall make specific findings as to

which periods of delay are excludable under our speedy-trial rules and shall specify the parts of the files or record relied upon to sustain those findings.

Affirmed in part; reversed and remanded in part.

BAKER, GOODSON, and WOOD, JJ., dissent.

**KAREN R. BAKER, Justice, dissenting.** I dissent from the majority's opinion because it is fatally flawed for two reasons. First, rather than adhere to the standard in *Strickland v. Washington*, 466 U.S. 668 (1984), the majority erroneously shifts the burden of proof to the State. Second, the majority erroneously holds that the circuit court's findings were insufficient pursuant to Rule 37.3 of the Arkansas Rules of Criminal Procedure.

*Burden of Proof*

The majority correctly cites to *Strickland* and states that "[u]nless a defendant makes both *Strickland* showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable." However, despite correctly citing the *Strickland* standard, the majority improperly shifts the burden of proof to the State to demonstrate that the delay was the result of the defendant's conduct or was otherwise justified. Pursuant to *Strickland*, it is the petitioner's burden to affirmatively prove prejudice, which requires proof "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Accordingly, it is Turner's burden to affirmatively prove that there is a reasonable probability that, had his trial counsel filed a motion to dismiss for the violation of the right to speedy trial, Turner's case would have been dismissed. Stated differently, Turner, not the State, must

9

show that the speedy-trial rule was violated.

Whether trial counsel was ineffective under *Strickland* is predicated on whether Turner was, in fact, tried in violation of the speedy-trial rule. *See Camargo v. State*, 346 Ark. 118, 55 S.W.3d 255 (2001). Pursuant to Rules 28.1(c) and 30.1 of the Arkansas Rules of Criminal Procedure, if a criminal defendant is not brought to trial within a certain time set out in the rule, the charges shall be dismissed with an absolute bar to prosecution. Rules 28.2 and 28.3 set out the calculation of time under the speedy-trial rule and authorize time periods to be excluded from calculation that result from necessary delays.

Here, Turner was arrested on March 9, 2006. Rule 28.2(a) states that the time for trial shall commence running from the date of arrest or service of summons. Thus, speedy trial began to run on March 9, 2006. The State had twelve months from the time of Turner's arrest to bring him to trial, excluding only such periods of necessary delay as are authorized in Rule 28.3. Ark. R. Crim. P. 28.1(c). Turner's jury trial began on October 8, 2008, which was 944 days after his arrest. While I recognize that if trial counsel had moved for a dismissal below, he would have made a prima facie showing of a violation of the rule. At that point, the burden would have shifted to the State to show that the delay was the result of the defendant's conduct or was otherwise justified. *Branning v. State*, 371 Ark. 433, 267 S.W.3d 599 (2007). However, we are reviewing the denial of a petition for postconviction relief. As noted above, in postconviction proceedings, the burden is on the petitioner to show that a speedy-trial violation occurred.

With the correct standard in mind, I will now consider the substance of Turner's

SLIP OPINION

argument and whether he demonstrated that a speedy-trial violation occurred. Here, several continuances were granted at the request of Turner's counsel. Turner admits that 281 days are properly excluded for continuances granted pursuant to his request. Rule 28.3 states that the "following periods shall be excluded in computing the time for trial." Rule 28.3(c) provides:

> The period of delay resulting from a continuance granted at the request of the defendant or his counsel. All continuances granted at the request of the defendant or his counsel shall be to a day certain, and the period of delay shall be from the date the continuance is granted until such subsequent date contained in the order or docket entry granting the continuance.

Turner's argument focuses on three continuances which were granted at Turner's request but in which neither the order nor the docket entry contained a subsequent "day certain" to which the matter was continued. The three orders at issue are (1) the April 25, 2007 order of continuance, continuing the May 10, 2007 trial; (2) the August 22, 2007 order of continuance continuing the trial set for the same day; and (3) the November 30, 2007 order of continuance continuing the trial set for November 19, 2007.[2] Turner contends that these continuances are not a basis for tolling speedy trial. Turner cites this court to a court of appeals opinion, *Autrey v. State*, 90 Ark. App. 131, 204 S.W.3d 84 (2005) and asserts that *Autrey* should be overruled because it is inconsistent with the plain language of Rule 28.3. In *Autrey*, the court stated:

> Appellant's only argument on appeal is that this continuance cannot be charged against him because the trial court did not enter an order or a docket entry specifying a date

---

[2] The order was dated November 13, 2007, but it was not file marked until November 30, 2007.

certain in literal compliance with Ark. R. Crim. P. 28.3(c). Yet, excluded periods without a written order or docket entry will be upheld when the record clearly demonstrates that the delays were attributable to the accused or legally justified and where the reasons were memorialized in the proceedings at the time of the occurrence. *See Miles, supra.* This is true even when the date is not specified. *See Burrell v. State*, 65 Ark. App. 272, 986 S.W.2d 141 (1999).

90 Ark. App. at 138, 204 S.W.3d at 87. *Autrey* comports with this court's decisions regarding Rule 28.3(c) compliance. Specifically, in *Standridge v. State*, we explained,

> [A]lthough a trial court should enter written orders, or make docket notations at the time continuances are granted to detail the reason for the continuances and to specify to a date certain the time covered by such excluded periods, a trial court's failure to comply with Rule 28.3 does not result in automatic reversal. *See McConaughy, supra; Cox v. State*, 299 Ark. 312, 772 S.W.2d 336 (1989). We have held that when a case is delayed by the accused and that delaying act is memorialized by a record taken at the time it occurred, that record may be sufficient to satisfy the requirements of Rule 28.3. *Id.* This is based on the familiar principle that a defendant may not agree with a ruling by the trial court and then attack that ruling on appeal. *Goston v. State*, 326 Ark. 106, 930 S.W.2d 332 (1996).

357 Ark. 105, 117–18, 161 S.W.3d 815, 821 (2004). Here, Turner's argument is based solely upon the alleged deficiencies in the circuit court's orders. However, these continuances were requested by Turner's counsel. Because all three of these orders granting Turner's motions for continuances were attributable to the defense, these continuances are excluded from the speedy-trial calculation. Thus, Turner has failed to establish that his right to a speedy trial was violated.

### Rule 37.3 Findings

Next, Turner argues that the circuit court's order denying relief on this point did not contain sufficient factual findings as required by Rule 37.3. The circuit court found:

> The record shows that there was no speedy trial violation. The defense counsel cannot be ineffective for not raising and making a record that speedy trial had run when it had

SLIP OPINION

not. The record is clear the Defendant agreed to continuances with excluded periods for speedy trial purposes and he specifically agreed for the time to be excluded until the date of his jury trial.

The majority explains that "[t]his court has affirmed the denial of a Rule 37.1 petition notwithstanding the circuit court's failure to make sufficient findings under Rule 37.3(a) only in two circumstances: (1) when it can be determined from the record that the petition is wholly without merit, or (2) when the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted." *See Davenport v. State*, 2011 Ark. 105, at 5 (per curiam). However, the majority proceeds to erroneously hold that "[t]he circuit court's findings are insufficient for our review. Accordingly, we reverse and remand the dismissal of the speedy-trial-ineffective assistance claim for compliance with Rule 37.3."

The record does not support the majority's analysis. The circuit court's findings were clearly sufficient because the record demonstrates that each of the orders granting a continuance were made at the request of Turner's counsel. Because the record demonstrates that the delays were attributable to Turner, the record is sufficient to satisfy the requirements of Rule 28.3 and this court's holding in *Standridge*. Therefore, the order denying Turner's petition for postconviction relief contained sufficient findings for this court's review.

In sum, because the majority departed from the *Strickland* standard and improperly shifted the burden of proof to the State, and because the circuit court's order denying Turner's petition contained sufficient findings, I must respectfully dissent.

GOODSON and WOOD, JJ., join in this dissent.

*John Wesley Hall, Jr.,* and *Sarah M. Pourhosseini*, for appellant.
*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.