Karen R. Baker, Justice, dissenting. I dissent from the majority’s opinion because it is fatally flawed for two reasons. First, rather than adhere to the standard in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the majority erroneously shifts the burden of proof to the State. Second, the majority erroneously holds that the circuit court’s findings were insufficient pursuant to Rule 37,3 of the Arkansas Rules of Criminal Procedure, Burden of Proof The majority correctly cites to Strickland and states that “[ujnless a defendant makes both Strickland showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable.” However, despite correctly citing the Strickland standard, the majority improperly shifts the burden of proof to the State to demonstrate that the delay was the result of the defendant’s conduct or was otherwise justified. Pursuant to Strickland, it is the petitioner’s burden to affirmatively prove prejudice, which requires proof “that there is a réasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” 466 U.S. at 694, 104 S.Ct. 2052. Accordingly, it is Turner’s burden to affirmatively prove that there is a reasonable probability that, had his trial counsel filed a motion to dismiss for the violation of the right to speedy trial, Turner’s case would have been dismissed. Stated differently, Turner, not the State, must |inshow that the ‘speedy-trial rule was violated. Whether trial counsel was ineffective under Strickland is predicated on whether Turner was, in fact, tried in violation of the speedy-trial rule. See Camargo v. State, 346 Ark. 118, 55 S.W.3d 255 (2001). Pursuant to Rulés 28.1(c) and 30.1 of the Arkansas Rules of Criminal Procedure, if a criminal defendant is not brought to trial within a certain time set out in the rule, the charges shall be dismissed with an absolute bar to prosecution. Rules 28.2 and 28.3 set out the calculation of time under the speedy-trial rule and authorize time, periods to be excluded from calculation that result from necessary delays. Here, Turner was arrested on March 9, 2006. Rule 28.2(a) states that the time for trial shall commence running from the date of arrest or service of summons. Thus, speedy trial began to run on March 9, 2006. The State had twelve months from the time of Turner’s arrest to bring him to trial, excluding only such periods of necessary delay as are authorized in Rule 28.3. Ark. R.Crim. P. 28.1(c). Turner’s jury trial began on October 8, 2008, which was 944 days after his arrest. While I recognize that if trial counsel had moved for a dismissal below, he would have made a prima facie showing of a violation of the rule. At that point, the burden would have shifted to the State to show that the delay was the result of the defendant’s conduct or was otherwise justified. Branning v. State, 371 Ark. 433, 267 S.W.3d 599 (2007). However, we are reviewing the denial of a petition for postconviction relief. As noted above, in postconvietion proceedings, the burden is on the petitioner to show that a speedy-trial violation occurred. With the correct standard in mind, I will now consider the substance of Turner’s Inargument and whether he demonstrated that a speedy-trial violation occurred. Here, several continuances were granted at the request of Turner’s counsel. Turner admits that 281 days are properly excluded for continuances granted pursuant to his request. Rule 28.3 states that the “following periods shall be excluded in computing the time for trial.” Rule 28.3(c) provides: The period of delay resulting from a continuance granted at the request of the defendant or his counsel. All continuances granted at the request of the defendant or his counsel shall be to a day certain, and the period of delay shall be from the date the continuance is granted until such subsequent date contained in the order or docket entry granting the continuance. Turner’s argument focuses on three continuances which were granted at Turner’s request but in which neither the order nor the docket entry contained a subsequent “day certain” to which the matter was continued. The three orders at issue are (1) the April 25, 2007 order of continuance, continuing the May 10, 2007 trial; (2) the August 22, 2007 order of continuance continuing the trial set for the same day; and (3) the November 30, 2007 order of continuance continuing the trial set for November 19, 2007.[2] Turner contends that these continuances are not a basis for tolling speedy trial. Turner cites this court to a court of appeals opinion, Aubrey v. State, 90 Ark. App. 131, 204 S.W.3d 84 (2005) and asserts that Aubrey should be overruled because it is inconsistent with the plain language of Rule 28.3. In Aubrey, the court stated: Appellant’s only argument on appeal is that this continuance cannot be charged against him because the trial court did not enter an order or a docket entry specifying a date | ^certain in literal compliance with Ark. R.Crim. P. 28.3(c). Yet, excluded periods without a written order or docket entry will be upheld when the record clearly demonstrates that the delays were attributable to the accused or legally justified and where the reasons were memorialized in the proceedings at the time of the occurrence. See Miles, supra. This is true even when the date is not specified. See Burrell v. State, 65 Ark. App. 272, 986 S.W.2d 141 (1999). 90 Ark. App. at 138, 204 S.W.3d at 87. Autrey comports with this court’s decisions regarding Rule 28.3(c) compliance. Specifically, in Standridge v. State, we explained, [Although a trial court should enter written orders, or make docket notations at the time continuances are granted to detail the reason for the continuances and to specify to a date certain the time covered by such excluded periods, a trial court’s failure to comply with Rule 28.3 does not result in automatic reversal. See McConaughy, supra; Cox v, State, 299 Ark. 312, 772 S.W.2d 336 (1989). We have held that when a case is delayed by the accused and that delaying act is memorialized by a record taken at the time it occurred, that record may be sufficient to satisfy the requirements of Rule 28.3. Id. This is based on the familiar principle that a defendant may not agree with a ruling by the trial court and then attack that ruling on appeal. Goston v. State, 326 Ark. 106, 930 S.W.2d 332 (1996). 357 Ark. 105, 117-18, 161 S.W.3d 815, 821 (2004). Here, Turner’s argument is based solely upon the alleged deficiencies in the circuit court’s orders. However, these continuances were requested by Turner’s counsel. Because all three of these orders granting Turner’s motions for continuances were attributable to the defense, these continuances are excluded from the speedy-trial calculation. Thus, Turner has failed to establish that his right to a speedy trial was violated. Rule 37.3 Findings Next, Turner argues that the circuit court’s order denying relief on this point did not contain sufficient factual findings as required by Rule 37.3. The circuit court found: The record shows that there was no speedy trial violation. The defense counsel cannot be ineffective for not raising and making a record that speedy trial had run when it had 11 snot. The record is clear the Defendant agreed to continuances with excluded periods for speedy trial purposes and he specifically agreed for the time to be excluded until the date of his jury trial. The majority explains that “[t]his court has affirmed the denial of a Rule 37.1 petition notwithstanding the circuit court’s failure to make sufficient findings under Rule 37.3(a) only in two circumstances: (1) when it can be determined from the record that the petition is wholly without merit, or (2) when the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted.” See Davenport v. State, 2011 Ark. 105, at 5, 2011 WL 835180 (per curiam). However, the majority proceeds to erroneously hold that “[t]he circuit court’s findings are insufficient for our review. Accordingly, we reverse and remand the dismissal of the speedy-trial-ineffective assistance claim for compliance with Rule 37.3.” The record does not support the majority’s analysis. The circuit court’s findings were clearly sufficient because the record demonstrates that each of the orders granting a continuance were made at the request of Turner’s counsel. Because the record demonstrates that the delays were attributable to Turner, the record is sufficient to satisfy the requirements of Rule 28.3 and this court’s holding in Standridge. Therefore, the order denying Turner’s petition for postconviction relief contained sufficient findings for this court’s review. In sum, because the majority departed from the Strickland standard and improperly shifted the burden of proof to the State, and because the circuit court’s order denying Turner’s petition contained sufficient findings, I must respectfully dissent. Goodson and Wood, JJ., join in this dissent. . The order was dated November 13, 2007, but it was not file marked until November 30, 2007.